## William P. Boynton *vs.* Silas Warren.

**Evidence** that furniture attached on mesne process in the house of the defendant was left there by the officer, without the defendant's consent, in the custody of a keeper who went away every night leaving no one in charge of it; that on the third day after the attachment the defendant gave the officer notice to remove the keeper, and forbade him to remove the furniture; and that the next morning the keeper went away, leaving no one in charge of the furniture, and giving no intimation of his purpose in going away, nor when he would return; is sufficient to warrant a finding that the attachment was abandoned.

*Personal property* subject to a mortgage and remaining in the possession of the mortgagor was attached in an action against the mortgagor, and the mortgagee was summoned therein as trustee. The mortgagee served on the officer a written statement of the debt for which the property was liable to him, and demanded payment thereof. Within ten days afterwards the attachment was abandoned; but after such abandonment the officer forcibly resumed possession. *Held,* that the mortgagee might replevy the property from the officer, although the issue of the validity of the mortgage, which was raised in the action against the mortgagor, on the question of charging the trustee, remained undetermined.

Replevin of furniture. Writ dated July 10, 1865. Trial in the superior court, without a jury, before *Morton, J.,* who allowed a bill of exceptions in substance as follows :

The plaintiff claimed title to the property as mortgagee thereof under a mortgage from Susan M. Badger, dated November 1, 1864. On the writ in an action against Badger, in which this plaintiff was summoned as trustee, this defendant, a constable of the city of Boston, attached the property in Badger's house on June 6, 1865, and left there a keeper of it; and on the same day this plaintiff gave the defendant written notice of his

mortgage and of the record thereof, and that eight hundred dollars was due thereon, and demanded of him payment of that sum. The keeper "left the house every night without leaving any one in charge of the property;" and on June 8 Badger gave the defendant written notice to remove the keeper forthwith, and forbidding the removal of the property. On June 9, the keeper "left the house to get his breakfast, leaving no one in charge of the furniture, but he gave no information as to the object or purpose for which he left." On his way back he met the defendant, who proceeded with him to the house, where they found the door fastened by Badger, who denied them admission The defendant then procured a ladder, and by aid of it entered the house through a window which was partly open, doing this against the will of Badger, although she offered no forcible resistance; and, having thus entered, proceeded to remove the property, and held it in his possession till it was taken on the writ of replevin. At the time it was so taken the action against Badger was still pending, on the question of charging the trustee; and the issue of the validity of the mortgage, which was raised therein, was undetermined.

"No question was raised as to the validity or registration of the mortgage,,nor as to the fact that the property removed by the defendant was included in the mortgage."

The judge "held that the attachment, if valid, was lost as against both said Badger and the plaintiff by reason of the facts above stated, and that the entry through the open window, as described, was a trespass by the defendant;" and directed judgment for the plaintiff. The defendant alleged exceptions.

*E. S. Cutter & I. J. Cutter*, for the defendant.

*J. S. Abbott*, for the plaintiff.

COLT, J. Unless the defendant can justify under his attachment, the plaintiff must prevail. As mortgagee of the property, having the right of immediate possession, he may maintain this action against a trespasser. In order to continue his special title in the property taken, an attaching officer must retain the actual or constructive possession of it. A voluntary surrender or abandonment of the property releases the attachment. *Bag-*

*ley* v. *White,* 4 Pick. 397. *Sanderson* v. *Edwards,* 16 Pick 144, *Esson* v. *Tarbell,* 9 Cush. 412. The question presented is, whether the evidence submitted was sufficient in law to justify the finding, as matter of fact, that there had been an abandonment in this case. A jury trial was waived, and the question left to the judge; but his findings of facts submitted to him are to be treated like the verdicts of the jury. It is only when the evidence is all reported and has no tendency to support the legal propositions necessary to sustain the verdict of the jury or the finding of the judge, that this court can interfere on exceptions. The question is not that which is presented on a motion for a new trial because the verdict is against the weight of evidence *Forsyth* v. *Hooper,* 11 Allen, 419. *Cheever* v. *Perley,* Ib. 587.

It seems to us that there was evidence submitted from which a jury might legally find, under proper instructions from the court, that there was an abandonment of the property attached by the defendant Warren. The articles were never removed, but were left in the custody of a person who left the house every night, leaving no one in charge. The defendant was notified to remove his keeper, and forbidden to remove the goods, and on the following day the keeper left, leaving no one in charge and giving no intimation as to his purpose in leaving or when he should return. It would seem to have been the duty of the defendant, after the notice, to proceed at once to remove the goods from the premises of the defendant in the suit, where they were left without her consent. It is, certainly, as the defendant claims, not necessary that the officer or keeper should remain constantly in immediate contact with or custody of the property attached; nor need his possession always be actual. It is sufficient if he has the constructive possession. But, taking all the circumstances into consideration, we see no reason for disturbing the findings of the court below.

The present plaintiff, as mortgagee, was summoned as truste in the suit in which the property was attached; and that suit, r seems, was still pending and the trustee not discharged whe: this action was brought. The defendant now claims that this action is prematurely brought. ˋThe provisions of Gen. Sts.

*c.* 123, §§ 67–71, establish a procedure by which creditors may avail themselves of mortgaged personal property of their debtors, and at the same time test the validity of the mortgage. Before this statute, no person could be charged as trustee who had no goods or effects in his possession. The mortgaged property was indeed attachable, subject to the right of the mortgagee to demand payment of the amount due on his mortgage; but the whole proceeding was quite different from the one introduced by the new statute. Having commenced by attaching the mortgaged property and summoning the mortgagee, the creditor must pursue his remedy in the mode pointed out by this statute. It has been held that by discharging the supposed trustee he vacates the attachment of the property, and entitles the mortgagee to the possession thereof. *Martin* v. *Bayley,* 1 Allen, 381. It is not necessary to decide what effect the abandonment of the attachment of the specific articles mortgaged may have upon the question of charging or discharging the supposed trustee. If discharging the trustee vacates the attachment, then abandoning the attachment would seem to operate to discharge the trustee, by parity of reasoning. At all events, the plaintiff, it seems to us, was, immediately upon the abandonment, entitled to the possession as against this defendant, and the action was not prematurely brought. *Exceptions overruled.*