### Edwin P. Furber *vs.* John B. Dearborn.

A mortgagee of goods who has been summoned as trustee on a writ against the mortgagor under the Gen. Sts. *c.* 123, §§ 67–71, cannot replevy them from the attaching officer during the continuance of the attachment.

Replevin of household furniture. Writ dated and served March 11, 1870. At the trial in the superior court, before *Lord*, J., it appeared that the replevied goods belonged to Manly B. Witherell, and were by him mortgaged to the plaintiff, and afterwards attached by the defendant, who was a deputy of the sheriff of Suffolk, on two writs against Witherell, in which the plaintiff was summoned as trustee. It did not appear that any written demand was made upon this defendant before the commencement of the replevin suit. The two writs were duly returned at April term 1870 of the superior court.

The defendant contended that the action could not be maintained, because no written demand had been made upon him, and because the goods, being in the custody of the law, could not be replevied by the plaintiff. The judge ruled that the action could not be maintained, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*A. R. Brown,* (*E. A. Alger* with him,) for the plaintiff.

*J. D. Thomson,* for the defendant, was not called upon.

MORTON, J. The plaintiff claims title to the replevied goods as mortgagee. The defendant, a deputy sheriff, attached them upon two writs in favor of creditors of the mortgagor in which the mortgagee was summoned as his trustee, under the provisions of the Gen. Sts. *c.* 123, §§ 67–71. The attaching creditors thus acquired the right to try the validity of the plaintiff's mortgage, either by examining him under oath or by a trial by jury at their election, and this right is inconsistent with and excludes the right of the mortgagee to replevy the attached goods. Until the attachment is dissolved, either by a voluntary abandonment or by a neglect to pay the sum found due on the mortgage within the time prescribed by the court, the custody by the officer is lawful, and the mortgagee has no right of possession which will enable him to maintain replevin. *Boynton* v. *Warren,* 99 Mass. 172. *Martin* v. *Bayley,* 1 Allen, 381. *Hayward* v. *George,* 13 Allen, 66. *Exceptions overruled.*