MERCY B. JACKSON *vs.* WILLIAM H. COLCORD & another.

When mortgaged personal property has been attached and the mortgagee summoned as a trustee under Gen. Sts. *c.* 123, § 67, he cannot commence an action for such attachment during the pendency against him of the suit, although the property has not been restored or the amount due tendered or paid upon demand made under Gen. Sts. *c.* 123, §§ 62, 63, and although the property has been sold under the provisions of Gen. Sts. *c.* 123, § 73, relating to the sale of attached perishable property.

TORT against the defendant Colcord, an attaching creditor, and against the other defendant, Charles Kimball, as sheriff, for the conversion of a horse, sleigh, and sundry other articles of personal property.

At the trial in the Superior Court, before *Rockwell*, J., it appeared that the defendant Colcord, having a valid claim against one Samuel H. Jackson, caused the property, for the conversion of which the suit was brought, to be attached by a deputy of Kimball; that the property was then subject to a mortgage made by Jackson to the plaintiff, and was in the possession of Jackson, the mortgagor; that the plaintiff was summoned as a trustee, and described in the writ as a mortgagee; that Colcord, after the attachment, applied to the deputy to have the property appraised and sold under the provisions of Gen. Sts. *c.* 123, § 7? ; that it

was so appraised and sold; that the suit in which the attachment was made was duly entered, and was pending at the time this suit was brought, the trustee not having been discharged; that before the trial in this case the plaintiff in that suit had discontinued against the trustee; that the plaintiff in this suit served in writing a just and true account of the amount due her under her mortgage on the attaching officer immediately after the attachment, and therein demanded payment, which had never been made; that the property was not returned at the expiration of the ten days; and that the sale of the property took place before the bringing of this suit.

Upon the above facts, the defendant requested the court to rule that the action could not be maintained, "for the reason that it was prematurely brought by reason of the pendency of the trustee process on the plaintiff when she brought the action." The court declined so to rule, and the jury found for the plaintiff for $605.28. The defendants alleged exceptions.

*E. P. Brown & C. B. Southard,* for the defendants.

*T. L. Livermore,* for the plaintiff.

AMES, J. When the personal property of a debtor is encumbered by a mortgage, or pledge, there are two modes, pointed out by Gen. Sts. *c.* 123, §§ 62–71, in which it may be attached by a creditor. One is to cause it to be seized and taken possession of by an officer, in the same manner as if it were unencumbered. This is the usual mode of proceeding when there is no controversy as to the validity of the mortgage, or the amount due upon it, or when the attaching creditor is content to take the mortgagee's account of the matter, subject to such penalties and securities as the law provides in case of a false account. In this mode of proceeding the failure on the part of the attaching creditor to pay or tender, within the ten days prescribed by the statute, the amount so claimed, operates as a dissolution of the attachment.

But, instead of resorting to this proceeding, the creditor may, if he see fit, attach the property upon a trustee process, in which the mortgagee is summoned as the trustee of the mortgagor, and may be examined upon oath in answer to "such questions as may be put to him by the court or their order, touching the considera-

tion of the mortgage and the amount due thereon." When this method is resorted to, as it was in this case, no preliminary payment or tender on the part of the attaching officer or creditor is required. Instead of accepting and relying upon the written statement of the mortgagee, made out of court, in regard to the amount of his claim, the creditor submits the question as to the validity of the mortgage, and the amount justly due upon it, to be determined by the court in an adversary proceeding. It is for the creditor to decide whether the validity of the mortgage shall be determined upon the personal examination of the mortgagee, or by the verdict of a jury upon an issue to be framed for that purpose by the court. When, after a trial in one of these modes, the validity of the mortgage has been finally established, it becomes the duty of the court to ascertain the amount justly due upon it, and to order within what time the amount so ascertained shall be paid. *Martin* v. *Bayley*, 1 Allen, 381. The only mode, therefore, in this form of proceeding, by which a dissolution of the attachment can be accomplished, so as to give the mortgagee the right to resort to the mortgaged property to enforce payment of his debt, is either by the failure of the attaching creditor to make the payment according to the order of the court, or by his voluntary discontinuance as against the trustee. But neither of these things had happened when this suit was commenced, and the objection that it was prematurely brought was well taken, and should have been allowed. *Hayward* v. *George*, 13 Allen, 66. *Boynton* v. *Warren*, 99 Mass. 172. *Furber* v. *Dearborn*, 107 Mass. 122.

The provisions of the statute (Gen. Sts. *c.* 123, § 73) in relation to the sale of attached personal property, when it is of a perishable nature or cannot be kept without disproportionate expense, are not limited to unencumbered property, and the law makes no provision for notice in such cases to a mortgagee or other trustee.  *Exceptions sustained.*