### MERCY B. JACKSON vs. CHARLES KIMBALL.

Suffolk.    March 15. — Oct. 31, 1876.    AMES & MORTON, JJ., absent.

When personal property has been attached and a mortgagee of it summoned as a trustee under the Gen. Sts. c. 123, § 67, he cannot, after a discontinuance against him as trustee, maintain an action of tort against the attaching officer for his refusal, before the discontinuance, to deliver the property attached.

The provisions of Gen. Sts. c. 123, § 67, allowing personal property subject to a mortgage to be attached, and the mortgagee summoned as trustee, are not in conflict with the 15th article of the Declaration of Rights, relating to trial by jury.

TORT against the sheriff of Middlesex, for the conversion of a horse, sleigh and sundry other articles of personal property. The declaration alleged that the plaintiff was the mortgagee of certain personal property, conveyed to her by one Samuel H. Jackson, but in his possession by the provisions of the mortgage, and that the defendant, by his deputy, had converted this property to his own use by virtue of an attachment in an action in which one Colcord was plaintiff and Samuel H. Jackson defendant, " yet subsequently to the pretended making of said attachment, and while the defendant was, by his said deputy, yet in the possession of said goods and chattels, this plaintiff delivered to the said deputy a statement in writing containing a just and true account of the debt for which said goods and chattels were liable to her, and therein and thereby de-

manded of him payment of said debt, and said payment has never been made to this plaintiff, although more than ten days have elapsed since said delivery of said statement."

At the trial in the Superior Court, before *Rockwell*, J., it appeared that one Colcord, having a valid claim against Samuel H. Jackson, caused the property, for the conversion of which this action was brought, to be attached by a deputy of the de-. fendant; that the property was then subject to a mortgage made by Jackson to the plaintiff, and was in the possession of Jackson, the mortgagor; that the plaintiff was summoned as a trustee; that Colcord, after the attachment, applied to the deputy to have the property appraised and sold under the Gen. Sts. *c.* 123, § 73; that it was so appraised and sold; that the action in which the attachment was made was duly entered, and thereupon the plaintiff in that action discontinued against the trustee; that, after the attachment, the plaintiff served in writing a just and true account of the amount due her under her mortgage, and therein demanded payment, which had never been made; and that the sale of the property took place before the discontinuance, and that the deputy held the proceeds thereof from the time of the sale.

The defendant moved for a nonsuit, and the judge ruled that the action could not be maintained in its present form, and ordered a nonsuit; and the plaintiff alleged exceptions.

*T. L. Livermore*, for the plaintiff.

*J. W. Pettengill*, for the defendant.

ENDICOTT, J. The original attachment by the defendant, in the suit of Colcord against Samuel H. Jackson, was lawful, and the plaintiff was duly summoned as trustee. Gen. Sts. *c.* 123, §§ 67-71. While that process was pending against the plaintiff as trustee, the defendant's refusal to deliver the property attached on the demand of the plaintiff was proper, and no action for conversion could be maintained against him. *Jackson* v. *Colcord*, 114 Mass. 60. After Colcord discontinued against the plaintiff as trustee, no action could be maintained against the sheriff for conversion of the property by reason of his refusal to deliver before the discontinuance; that refusal was proper, because his possession was at that time lawful.

An officer does not become a trespasser *ab initio*, because the plaintiff in the writ, on which the attachment is made, fails to maintain his action against the party whose property is attached. The original seizure and detention do not become unlawful by the failure of the action; and the mere possession of the property by the officer, after the action has failed, is not a conversion. It is then his duty to return it, and it is only when he unreasonably neglects, or on demand refuses to do so, that he commits a tort against the real owner. It may be that the real owner, after the attachment is dissolved by the failure of the original action, can maintain an action for money had and received, without a demand, when the property has been sold; but he cannot maintain an action of tort for the conversion, except by reason of some refusal or neglect of the officer to deliver it after the dissolution.

In this action, no evidence appears to have been offered of any refusal to deliver after Colcord discontinued against the plaintiff as trustee. The plaintiff relied solely on the original attachment and the refusal of the officer to deliver the property, while the action was pending against him, and the subsequent discontinuance of the same, as evidence of conversion. But the subsequent discontinuance did not make the detention up to that time unlawful, for the reasons before stated.

The plaintiff therefore is in this position: She could not, before the discontinuance against her as trustee in the original action, maintain an action against the officer for the attachment and refusal to deliver, because his detention of the property was then lawful; *Jackson* v. *Colcord, ubi supra;* and that detention before the discontinuance did not become unlawful merely by reason of the subsequent discontinuance; so that no action could have been at any time maintained for any act alleged to have been done by the officer before the discontinuance. No other act was alleged in the declaration or put in evidence.

The statute authorizing the attachment of personal property subject to a mortgage, and providing that the mortgagee may be summoned as trustee of the mortgagor, is not contrary to the Declaration of Rights, art. 15, on the ground that it denies to the mortgagee the right to have the validity of the mortgage determined by a jury. Gen. Sts. c. 123, §§ 67–71. By the pro-

visions of these sections, the validity of the mortgage may be tested by the examination of the mortgagee as trustee. If the attaching creditor denies its validity, the question must be tried by a jury. The mortgage therefore can be declared invalid only upon the examination of the mortgagee, or by the verdict of a jury. If other facts, not stated or denied by the trustee, are alleged, a trial by jury is provided for in the Gen. Sts. *c.* 142, §§ 11, 12. *Exceptions overruled.*