ALBERT W. PINE *vs.* HEBRON L. MORRISON.

Essex. November 9. — 10, 1876. COLT, DEVENS & LORD, JJ., absent.

In an action of tort for the conversion of a horse, the judge, who tried the case without a jury, found that the defendant got possession of the plaintiff's horse by a writ of replevin against a third person, with the intention of fraudulently depriving the plaintiff of his property, and afterwards took the horse out of the Commonwealth; and ruled that there was sufficient evidence of a conversion, without a demand; and the defendant alleged exceptions. *Held*, that the exceptions must be overruled, with double costs.

TORT for the conversion of a horse.

At the trial in the Superior Court, before *Allen*, J., without a jury, it was admitted that the defendant had, four days previous to the date of the writ therein, received possession of the horse in question on a writ of replevin in his favor and against one Oren E. Welch, under whom both the plaintiff and the defendant claimed title; the plaintiff under a bill of sale from Welch, dated August 10, 1874, and the defendant under a bill of sale from Welch, dated October 8, 1874. There was evidence tending to show a delivery of the horse by Welch to the plaintiff. There was evidence tending to prove, and the judge found, that the defendant knew that the title and right of possession of the horse were in the plaintiff, and fraudulently sued out the writ of replevin for the purpose of obtaining possession of the

horse, and removing him from the Commonwealth, and depriving the plaintiff of him; and that he did, with that intent, obtain possession of the horse under the writ, and secretly remove him from the Commonwealth, and kept him concealed from the plaintiff. It was admitted that no demand had ever been made upon the defendant for the horse.

On this evidence, the defendant asked the judge to rule that there was no evidence of conversion, and that the plaintiff could not maintain this action without evidence of a demand. But the judge declined so to rule, and ruled that upon this evidence there was evidence of conversion, and found that there was a conversion by the defendant, and ordered judgment for the plaintiff. The defendant alleged exceptions.

*D. O. Allen*, for the defendant.

*J. B. Keith & W. H. Niles*, for the plaintiff, moved for double costs.

BY THE COURT. Getting possession of the plaintiff's horse by process against a third person, with the intention of fraudulently depriving the plaintiff of his property, and afterwards taking the horse out of the Commonwealth, were sufficient evidence of a conversion.  *Exceptions overruled, with double costs.*