JOHN E. LEONARD *vs.* CHARLES N. HAIR.

Worcester. Oct. 5. — 20, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

A mortgagee of personal property may maintain an action for conversion, without proof of a demand and refusal, against an officer who sells the mortgaged property on an execution against the mortgagor, although the mortgagor was the purchaser at the sale, and then received and has since retained the possession of the property; and the measure of damages is the same as if the purchaser had been a stranger.

If an officer levies an execution on personal property which is subject to a mortgage, and afterwards sells the same on the execution, it is no defence to an action against him by the mortgagee for conversion, that after the seizure and before the sale he attached the property on a writ in favor of a third person, and the mortgagee made no demand upon him for the property.

W. ALLEN, J. This is an action of tort in the nature of trover for the conversion of a horse, brought by a mortgagee against an officer who sold the horse on an execution against the mortgagor. After the horse was taken on the execution, and the day before the sale, it was attached by the defendant on mesne process. It is contended by the defendant that the mortgagor was the purchaser at the sale, and then received, and has since retained, the possession of the horse. No demand was made for the property before the action was commenced. It is also contended by the defendant that, although the seizure and sale of the horse were unlawful, yet he had the lawful possession of the horse under the attachment until possession was delivered

to the mortgagor under the sale, and, for that reason, that the action cannot be maintained without proof of a demand and refusal, or, if maintained, that the plaintiff can recover but nominal damages. If the defendant had a right to hold the horse under the attachment, he did not exercise that right, but dissolved the attachment and converted the property by selling it on the execution.

The fact that the mortgagor was the purchaser, and received and retained the possession of the horse under the sale, can have no bearing upon the question of the conversion of the property, or upon the damages to be recovered. The delivery was to the purchaser as purchaser, not as mortgagor, and the possession was under the new title adverse to the plaintiff, and not under the old one recognizing his title. The plaintiff, it is true, can reclaim the property from the mortgagor, because purchaser, but only as he can from any other purchaser; whatever rights against him any purchaser would acquire were acquired by the mortgagor as purchaser, and a judgment satisfied in this action will vest the property in him as fully as it would in any purchaser. There has been no return of the property by the defendant. He did not deliver it to the mortgagor to hold as such, but to a purchaser to hold adversely to the mortgagee, for the purpose of defeating the possession of the mortgagee. As regards both the plaintiff and the defendant, the effect of a sale is the same when made to the mortgagor as to a stranger, and the rule of damages must be the same.

*Judgment for the plaintiff.*

*F. T. Blackmer & C. R. Johnson*, for the plaintiff.
*F. A. Gaskill*, for the defendant.