## HUBBARD S. LOOMIS *vs.* A. H. G. LEWIS.

Hampden.    Sept. 22. — Oct. 24, 1885.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

> Mortgaged personal property may be sold on an execution against the mortgagor, if there was a valid attachment subsisting on the property when it was taken ,by the officer on the execution; and it is immaterial that the attaching creditor paid the amount due upon the mortgage after the officer took the property on the execution, if it was paid within the time prescribed, under the Pub. Sts. *c.* 161, § 80, by the court passing upon the validity of the mortgage.

TORT for the conversion of a quantity of wood.   The defendant, a deputy sheriff, justified under an execution against one Atkins, by virtue of which he took and sold the wood as the property of Atkins.   At the trial in the Superior Court, before *Rockwell,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.   The facts appear in the opinion.

*E. B. Maynard,* for the plaintiff.

*A. M. Copeland,* for the defendant.

W. ALLEN, J.   Mortgaged personal property was sold on an execution against the mortgagor.   The plaintiff, claiming under a fraudulent sale from the mortgagor, stands in his place; and the question is whether the property was liable to be taken and sold on the execution.

Personal property subject to a mortgage cannot be taken on execution against the mortgagor, except in a suit in which it has been attached on mesne process.   *Lyon* v. *Coburn,* 1 Cush. 278. *Leonard* v. *Hare,* 133 Mass. 455.   The Pub. Sts. *c.* 161, §§ 71–83, provide for the attachment on mesne process of such property, but there is no express statutory authority to take it on execution.   The right to take on execution is inferred from the

right to attach on mesne process. The attachment is for the purpose of holding the property, so that it may be taken on the execution which may be issued in the suit. Pub. Sts. *c.* 161, §§ 38, 52; and the right to attach property implies the right to take it on such execution while the attachment subsists. Whether the property in question was liable to be taken on the execution depends upon whether it was, at the time, held under a valid attachment in the suit in which the execution was issued.

The Pub. Sts. *c.* 161, §§ 79, 80, provide that mortgaged personal property of a debtor in the possession of the mortgagor may be attached in the same manner as if unencumbered, upon a writ in which the mortgagee is summoned as trustee of the mortgagor, to be examined concerning the mortgage; if the mortgage is found to be valid, the court is to ascertain the amount due upon it, and direct the payment of it within such time as it may order; "and if the attaching creditor does not pay or tender the sum within the time prescribed, the attachment shall be void, and the property shall be restored." This is the only mode provided by the statute for avoiding or dissolving an attachment made under this provision.

The attachment is valid, unless and until it is avoided. It is an attachment as of unencumbered property, upon condition subsequent that the debt shall be paid as provided in the statute; if there is a failure so to pay the debt, the attachment becomes void, but continues as an attachment of unencumbered property until such failure. In this case, there was a valid attachment of the property, and the mortgagee was summoned as trustee. He appeared, and asserted the validity of the mortgage, and it was adjudged valid, and the amount due upon it ascertained, and the attaching creditor ordered to pay it to the mortgagee within ten days; and he paid it accordingly. The fact that he paid it five minutes after the defendant took the property on the execution is immaterial. When the defendant took the property, there was a valid subsisting attachment, which was, indeed, liable to be made void by the failure of the creditor to pay the mortgage debt within the ten days; but before the ten days had elapsed, and before the property was advertised for sale on the execution, that failure had been rendered impossible

by the payment of the debt, and the attachment was shown to be indefeasible by this provision of the statute. See *Furber* v. *Dearborn*, 107 Mass. 122; *Jackson* v. *Colcord*, 114 Mass. 60.

*Exceptions overruled.*