## CALVIN S. CROCKER *vs.* BENJAMIN S. ATWOOD.

Suffolk.    March 2. — June 29, 1887.    FIELD, C. ALLEN, & GARDNER, JJ.,
                           absent.

An attachment of mortgaged personal property in the possession of the mortgagor, with his consent and by his procurement, although the attachment is void, and the mortgagor has no attachable interest in the property, is a breach of a condition in the mortgage that the mortgagor shall not suffer the property to be attached on mesne process.

If mortgaged personal property in the possession of the mortgagor is attached, with his consent and by his procurement, and the person causing the attachment holds the property as keeper under the attachment, in denial of the mortgagee's right, and the attachment is invalid, there is evidence of the mortgagee's right of possession of the property, and of the conversion of it by the person causing the attachment.

A partnership existing between A., B., and C. was dissolved, and B. became the sole owner of certain personal property used in the business, which he mortgaged to A., who retired, and D. bought C.'s interest, and the business was carried on by B. and D., B. owning the property. Afterwards D. bought the property and B.'s interest in the business, and continued the business under the agency of B. Subsequently the property was attached, with B.'s consent and by his procurement, in an action by C. against A. and B.; and D., at his request, was put into possession of the property as keeper, and the property was sold on mesne process, and bought by D. The action in which the attachment was made was wholly fictitious, and known by D. to be such, he causing it to be brought in the name of C., and B., C., and D. being in collusion thereby fraudulently to deprive A. of the property and to defeat his mortgage. A. then brought an action against D. for the conversion of the property; and, at the trial, D. excepted to the exclusion of a question, put to him by his counsel, whether the sale by B. to him was "absolute or conditional, or intended by way of security." *Held*, that the question was immaterial.

If an attachment of mortgaged personal property in the possession of the mortgagor, under which the property is sold on mesne process, is made in a fictitious action brought by A. in the name of B. against both the mortgagor and the mortgagee, A., B., and the mortgagor being in collusion to deprive the mortgagee of the property and to defeat his mortgage, it is no defence to an action by the mortgagee against A. for the conversion of the property, that the mortgagee has a remedy by an action for malicious prosecution.

TORT for the conversion of certain personal property. Trial in the Superior Court, without a jury, before *Bacon*, J., who found and ordered judgment for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. H. Drew & A. M. Lyman*, for the defendant.

*P. H. Cooney*, for the plaintiff.

W. ALLEN, J. The attachment of the property on March 18, 1885, was a breach of the condition that the mortgagor should not suffer the property to be attached on mesne process. It was immaterial that the attachment was void, and that the mortgagor had no attachable interest in the property. It was taken and held by virtue of the attachment as his property, and with his consent and by his procurement. The plaintiff therefore had the right of possession, on March 23, when this suit was commenced, unless the property could be held against him under the attachment. The defendant caused the property to be taken on the attachment, and was in possession of it as keeper under the attachment, holding in denial of the plaintiff's right. If the attachment was not valid, there was evidence of the plaintiff's right of possession of the property, and of the conversion of it by the defendant.

In January, 1884, a copartnership existing between the plaintiff, one Snell, and one Nash was dissolved, and Snell became the sole owner of certain personal property used in the business, which on the same day he mortgaged to the plaintiff, and which included the property in question. The plaintiff retired, and the defendant, who had been behind Nash, bought out his interest, and the business was carried on by Snell and the defendant, Snell owning the property. In August, 1884, the defendant bought the property and Snell's interest in the business, and continued the business under the agency of Snell. In March, 1885, when the attachment was made, the plaintiff was the mortgagee of the property, which was owned by and in the possession of the defendant, in charge of his agent, Snell, the mortgagor. The attachment was at the suit of Nash against the plaintiff and Snell, the mortgagee and the mortgagor. The mortgaged property was attached, and, at the request of the defendant, was put into his hands as keeper, and the property was sold on mesne process, and bought by him. It is found that "said suit of Nash against Snell and Crocker, upon which said attachment and sale were made, was wholly fictitious and known by this defendant to be such when he caused it to be brought in the name of Nash as the nominal plaintiff, while the defendant herein was the real plaintiff therein, said Atwood, Nash, and Snell being in collusion thereby fraudulently to deprive this plaintiff of said property and to defeat his said mortgage." It is not contended that this plaintiff, the mortgagee, had any attachable interest in the property; but the defendant contended that Snell, the mortgagor, had such an interest, for the reason that the sale by him to this defendant was conditional, and left a right of redemption in Snell which could be attached; and excepted to the exclusion of a question, put to the defendant by his counsel, whether the sale was "absolute or conditional, or intended by way of security." We think the question was wholly immaterial. Whether the attachment was or was not void because neither defendant had an attachable interest in the property, it was plainly void as against this plaintiff for fraud. A collusive attachment of Snell's interest in a fictitious suit, for the purpose of depriving the plaintiff of the property, was void as to him. *Spear* v. *Hubbard*, 4 Pick. 143. *Bull* v. *Loveland*, 10 Pick. 9. *Parsons* v.

*Dickinson,* 11 Pick. 352. *Fairfield* v. *Baldwin,* 12 Pick. 388. *Peirce* v. *Partridge,* 3 Met. 44. *Deyo* v. *Jennison,* 10 Allen, 410. *Pine* v. *Morrison,* 121 Mass. 296.

It is said that, as the plaintiff was a defendant in the action in which the property was attached, his only remedy is an action for malicious prosecution. . But the fact that the suit was malicious cannot deprive the plaintiff of his right to the property. If he had been sole defendant, and the property had been attached as his, he could have maintained replevin for it, although the suit were malicious. If the suit had been against the plaintiff alone, or against Snell alone, the plaintiff could have maintained replevin for the property taken on the attachment, and it would have been no defence that the suits were malicious. Can the action be defeated by fraudulently naming both as defendants? If the attachment was invalid, whether because neither defendant had an attachable interest in the property, or because waived by putting the property into the possession of the defendant owner, or for fraud, it could not deprive the plaintiff of his right to the possession of the property. It is immaterial that the evidence which shows it to be void is also sufficient to prove that the suit was malicious.

It is not necessary to notice the particular requests for rulings made by the defendant. The decision covers every point presented by them. ' *Exceptions overruled.*