ALBERT H. EMERY *vs.* FREDERICK H. SEAVEY.

Suffolk. January 23, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Personal Property — Mortgage — Attachment — Action.*

A mortgagee of personal property in the possession of the mortgagor may, under the Pub. Sts. c. 161, § 79, be summoned as his trustee by a trustee writ in the usual form.

If a valid attachment, under the Pub. Sts. c. 161, § 79, of personal property subject to a mortgage and in the possession of the mortgagor has been made, and not abandoned, and the mortgagee summoned as trustee, an action brought by the mortgagee, before his discharge, against the attaching officer, for a refusal to deliver up the property on demand, is prematurely begun.

TORT for the conversion of certain personal property attached by the defendant, a deputy of the sheriff of the county of Suffolk. Writ dated July 8, 1885. The action was brought originally in the Municipal Court of the city of Boston, and, after judgment for the plaintiff in that court, an appeal was taken to the Superior Court. Trial before *Staples*, J., without a jury, who reported the case for the consideration of this court, in substance as follows.

At the trial, it appeared that in January, 1885, one Coen, being the owner and in possession of certain goods contained in the store No. 143 P Street, South Boston, gave to the plaintiff a mortgage covering a part of them, to secure sundry promissory notes; that prior to May 28, 1885, the plaintiff had purchased goods to a large amount from Coen, and there was an unsettled account between them, and many of the mortgage notes were not due at that date, and it was understood between them that, after crediting the plaintiff with the rent of the store on the account, the balance was to be applied to the mortgage; that on May 28, 1885, the defendant, in his capacity as such deputy, attached the property of Coen on a writ, in the common form of a trustee writ, in favor of Claflin, Allison, and Company, the plaintiff being summoned as trustee in that action "to appear and show cause as within directed"; that among the goods so attached were a portion of the goods covered by the mortgage,

and that the plaintiff thereupon served upon the defendant a notice of his mortgage, in accordance with the provisions of the Pub. Sts. c. 161, § 75, and that on June 16, 1885, the defendant, upon notice from Coen to remove his keeper, removed from the store goods sufficient to satisfy his attachment, and among them some of the mortgaged property, being that alleged to have been converted; that the plaintiff thereupon made demand upon the defendant for the goods covered by the mortgage and removed by the defendant, but the defendant refused to deliver them up.

The defendant testified that he tried to avoid removing mortgaged goods, and did not intend so to do.

It also appeared that the trustee writ was returned into the Municipal Court on June 30, 1885, and the trustee appeared and answered, on October 12, 1885, " No funds"; that the action was tried and judgment was entered for the plaintiffs, and an appeal was taken to the October term of the Superior Court, 1885; that the trustee then, in the Superior Court, answered, " No funds"; that thereafter, on December 5, 1885, interrogatories to the trustee touching the mortgage and the other dealings of the alleged trustee with Coen were filed, and duly answered; and that on January 25, 1886, the trustee was discharged by the consent of the plaintiffs, Claflin, Allison, and Company.

Upon this evidence the court ordered a nonsuit of the plaintiff, upon the ground that his action was prematurely brought. If the nonsuit was rightly ordered, the same was to stand; otherwise, the nonsuit was to be removed, and judgment was to be entered for the plaintiff in the sum of $155, with interest from the date of the demand to the date of the judgment.

*B. C. Moulton & C. F. Loring,* (*V. J. Loring* with them,) for the plaintiff.

*H. J. Edwards,* for the defendant.

HOLMES, J. The goods in question were in the mortgagor's possession, and the mortgagee was summoned by a trustee writ in the usual form. A writ in this form has been held or assumed to be sufficient, under Pub. Sts. c. 161, § 79, too often to admit of argument on general grounds. *Simmons* v. *Woods,* 144 Mass. 385. *Goulding* v. *Hair,* 133 Mass. 78, 80. *Flanagan* v. *Cutler,* 121 Mass. 96. *Barnard* v. *Moore,* 8 Allen, 273, 274.

*Brown* v. *Neale*, 3 Allen, 74. *Martin* v. *Bayley*, 1 Allen, 381, 384. *Kent* v. *Lee*, 9 Gray, 45.

It is suggested that in this case the mortgagee (the present plaintiff) may have been misled, as he had purchased goods of his mortgagor, and therefore might have thought that he was trusteed in respect of his debt for those goods. But if this suggestion could be listened to in any case, there is no sufficient ground for it here, since, by the plaintiff's own statement, he was not a debtor for those goods, but the price went at once into an open account between him and the mortgagor, the balance of which, by their agreement, went to reduce the mortgage debt.

The scope and effect of the writ were fixed at the moment of service. It is argued, with much plausibility from what has happened since, that the defence to the present action (namely, that the present plaintiff was trusteed under Pub. Sts. c. 161, § 79) is an afterthought, and that at the time the, plaintiff in the former action meant to summon the present plaintiff only as a debtor of the original defendant. We cannot speculate upon that question. What the former plaintiff did was to attach mortgaged goods in the possession of the mortgagor, and to summon the mortgagee as trustee in a form which satisfied the statute.

If we are to look at the later proceedings, the next step was that the mortgagee gave notice of his mortgage under Pub. Sts. c. 161, § 75, but the mortgage debt was not paid, which was notice to him that the goods were not held under § 74. Then the mortgagee answered, "No funds," and this answer was such a submission to examination that when he was discharged the attachment of the mortgaged goods was discharged. *Goulding* v. *Hair*, 133 Mass. 78. He was not discharged, however, until after this action was begun.

Then it is said that the attachment was abandoned, (*Boynton* v. *Warren*, 99 Mass. 172,) because the officer, when notified by the original defendant to remove his keeper, intended not to remove mortgaged goods. He did remove mortgaged goods, however, and refused to deliver them to the mortgagee when the latter demanded them. His so called intent not to take mortgaged goods was only a hope, or a wish, as to the goods in

question. His actual intent as to these specific goods, identified by the senses, was to assert a lien upon them, just as when a man shoots at or contracts with B., thinking him to be A., he intends to shoot or contract with B., the person whom he sees before him. *Edmunds* v. *Merchants' Transportation Co.* 135 Mass. 283, 284.

The original defence in the present action was that the goods were not covered by the mortgage, and a belief that they were not covered by it may have been the motive of the defendant's refusal to deliver them. He refused, however, *simpliciter*. He did not give his reasons, or shut himself off from any existing justification. He therefore must be taken, or at least might have been found, to have done what he did, and to have asserted the attachment, by virtue of all powers him thereto enabling. The case is stronger than the ordinary case of a lien, where, if the refusal to deliver is stated to be on the ground of the lien, the lien may be discharged at once by payment of the amount for which the goods are held. In this case, whichever the ground on which the refusal might be put, there was no way in which the plaintiff could have got the property at that time. See *White* v. *Gainer*, 2 Bing. 23 ; *S. C.* 9 Moore, 41 ; 1 C. & P. 324 ; *Kerford* v. *Mondel*, 28 L. J. (N. S.) Ex. 303, 306 ; *Scarfe* v. *Morgan*, 4 M. & W. 270 ; *Mexal* v. *Dearborn*, 12 Gray, 336, 337 ; *Everett* v. *Coffin*, 6 Wend. 603. Compare *Hanna* v. *Phelps*, 7 Ind. 21 ; *Thatcher* v. *Harlan*, 2 Houst. 178.

As the original attachment of the goods was valid and had not been abandoned, and as the mortgagee had not been discharged when he began this action, it follows that this suit was begun prematurely. *Jackson* v. *Colcord*, 114 Mass. 60. *Furber* v. *Dearborn*, 107 Mass. 122.

*Nonsuit to . stand.*