FRANK A. ASHCROFT *vs.* SIMON SIMMONS.

Suffolk.    March 10, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Replevin — Mortgage of Personal Property — Attachment — Demand of Payment.*

At the trial of an action of replevin, the plaintiff, who was a mortgagee of personal property, and entitled to its immediate possession under a duly recorded mortgage, offered evidence that subsequently to the execution of the mortgage, and before the attachment of the mortgaged property by the defendant, as a constable, in an action against the original mortgagor, the latter sold the property, subject to the mortgage, to a third person. *Held*, that the evidence was improperly excluded.

A mortgagee of personal property who is entitled to its immediate possession under a duly recorded mortgage may, without a previous demand for payment, replevy the property from an officer by whom it has been attached in an action against a person who, at the time of the attachment, had no interest in the property.

The Pub. Sts. c. 161, §§ 74 and 75, have no application to an attachment of mortgaged property in an action against a person who has no interest therein.

REPLEVIN of furniture. At the trial in the Superior Court, before *Blodgett,* J., there was evidence tending to show that the plaintiff was the mortgagee of the property, and entitled to its immediate possession under a duly recorded mortgage, and that subsequently to the recording of the mortgage the property was attached by the defendant, who was a constable of the city of Boston, as the property of the mortgagor, by virtue of a writ wherein the mortgagor was named as the sole defendant.

The plaintiff offered evidence that subsequently to the execution of the mortgage, and before the attachment, the mortgagor had sold the property to one Estes. The evidence was excluded, and the judge found for the defendant, solely on the ground that no demand was made on the defendant by the plaintiff as mortgagee after the goods replevied were attached by the defendant. The plaintiff alleged exceptions.

*N. D. A. Clarke,* for the plaintiff.

*G. E. Curry,* for the defendant.

FIELD, C. J. The exceptions recite that the plaintiff "had a valid title, and the right of possession under a duly recorded mortgage." The defendant is a constable, who, after the mortgage had been recorded, attached the property, "as the property of the mortgagor, by virtue of a writ wherein the mortgagor was named as sole defendant." The court found for the defendant "solely on the ground that no demand was made upon the defendant by the plaintiff as mortgagee, after the goods replevied were attached by the defendant." See Pub. Sts. c. 161, §§ 74, 75.

The plaintiff "offered evidence tending to show that previously to said attachment, and subsequently to the execution of said mortgage, the mortgagor had sold said property to one Estes. The court excluded said evidence," to which the plaintiff excepted. We construe the language of the exceptions to mean that the plaintiff offered evidence that the mortgagor had sold the property subject to the mortgage to one Estes, by a sale

which was valid as against the creditors of the mortgagor, so that the property was no longer subject to attachment by the creditors of the mortgagor.

Independently of statute, mortgaged personal property could not be attached by the creditors either of the mortgagee or of the mortgagor. *Sherman* v. *Davis,* 137 Mass. 132. *Prout* v. *Root,* 116 Mass. 410. *Badlam* v. *Tucker,* 1 Pick. 389, 399. By statute, " Personal property of a debtor that is subject to a mortgage, pledge, or lien, and of which the debtor has the right of redemption, may be attached and held in like manner as if it were unencumbered, if," etc. Pub. Sts. c. 161, § 74. The suit must be against the debtor who has " the right of redemption." If the suit is against a person who at the time of the attachment has no interest in the property, the attachment is void, and we see no reason why the mortgagee, if entitled to the immediate possession, cannot replevy the property without demanding payment of his mortgage. If the defendant in the writ has no interest in the property, the attaching officer is a trespasser. *Spring* v. *Baker,* 8 Allen, 267. *Jordan* v. *Farnsworth,* 15 Gray, 517. See *Leonard* v. *Hair,* 133 Mass. 455; *Copp* v. *Williams,* 135 Mass. 401; *Crocker* v. *Atwood,* 144 Mass. 588. The statutes cited were designed to enable a creditor to attach the interest of one holding an equity of redemption in personal property on a suit against him, and we think they have no application to an attachment of mortgaged property in a suit against a person who has no interest in it. We think the fact offered to be proved was a material fact in the cause.

*Exceptions sustained.*