*Municipal Court of the City of Boston*

No. 363645

## CLARKE AND WHITE, INC.
### v.
## PETER J. FITZGERALD et als

(June 18, 1954)

*Adlow, C. J.* This is an action of replevin to recover a 1951 Mercury automobile from a deputy-sheriff holding said automobile under a writ of attachment.

In its aspect most favorable to the plaintiff it appeared that on April 27, 1953, Robert Savage purchased a 1951 Mercury automobile from Clarke and White, Inc., under a "Conditional Sales Contract", for a purchase price of $1995. In effecting the transaction Savage received a trade-in allowance of one-thousand ($1,000) dollars for a 1950 Ford. With finance and insurance charges the balance due under

the "Conditional Sales Contract" was twelve-hundred and seventy-four dollars and sixty-four cents ($1,274.64).

On the evening of the same day that the above sale was effectuated Savage sold this same automobile to one Seidman, a used car dealer, for $1,250, and received from Seidman a check for $1,000 dated April 27, 1953, and another check for $250, dated two days later. At the time of the sale to Seidman it was represented by Savage that he held a free and clear title to the automobile.

The next day Seidman learned that the 1951 car which he had purchased from Savage was the property of the holder of the conditional sales contract which Savage had signed. Later in the day an agent of the holder of this conditional sales contract made a demand on Seidman for the return of the automobile, and Seidman refused to deliver it up or disclose its whereabouts until he got his $1,000 back.

Subsequent to this conversation, Seidman wrote a letter to Savage informing him that he was withdrawing from the deal and demanding his money back. Seidman on this day placed the car in a public garage conducted by the defendants Hyman Pallin and Ralph Pallin. On April 30, 1953 Seidman brought suit against Savage, returnable in the Municipal Court of the City of Boston on May 16, 1953, and after obtaining permission of the court to attach said automobile, delivered said writ to the defendant Deputy Sheriff Peter J. Fitzgerald who effected said attachment on May 1, 1953 and left the car for safekeeping with the public garagemen, Hyman Pallin and Ralph Pallin. On May 1 Clarke and White, Inc., as conditional vendors, commenced this action of replevin against Deputy Sheriff Peter Fitzgerald and the garagemen with whom he had stored the car.

At the trial there was evidence to the effect that the 1950 Ford car for which Savage had received a $1,000 credit toward the purchase price of the 1951 Mercury automobile was not owned by him at the

time and was subsequently repossessed by the Zenith Finance Company which held title to it.

Elliot Seidman, the purchaser from Savage, was permitted to intervene in these proceedings, and being aggrieved by the finding of the court in favor of the plaintiff in replevin and by the refusal of the court to rule as requested by him brings this report.

It is unnecessary to examine in detail the many requests filed by the intervenor Seidman. The facts expressly found by the court, all of which findings were amply supported by the evidence, indicated that with respect to the attachment of the 1951 Mercury automobile in the action of Seidman against Savage, the car was described as the car of Savage and in the possession of Savage, when in fact it was concededly neither the car of Savage nor in his possession. At of the plaintiff in replevin and by the refusal of the court to rule as requested by him brings this report. the time this car was attached by the defendant Fitzgerald there were only two possible parties who might claim title to it. There was the conditional vendor whose title was in the end recognized. There was likewise the intervenor, Seidman, who claimed as a bona fide purchaser. As for Savage he had divested himself of every interest in the car. Such an attachment is void and meaningless. *Ashcroft v. Simmons*, 159 Mass. 203, 205. It is urged by the intervenor that this car was sold under a conditional sales agreement and that by virtue of G. L. c. 223, §§ 74, 75, a demand setting forth the balance due is an indispensable prerequisite to the assertion of the right of possession. We cannot agree. In view of the conditions rendering the attachment void, no demand is necessary to entitle the conditional vendor to possession. *Ashcroft v. Simmons*, supra; *Atlantic Finance Corp. v. Galvam*, 311 Mass. 49, 51.

There was ample evidence to warrant the findings of the court to the effect that (1) the plaintiff was the true owner of the Mercury car and was entitled to repossess it on the day it was replevied. There was

ample evidence to warrant the court in finding that Savage obtained the car by fraud and transferred it without right to Seidman. Savage conveyed nothing by his sale to Seidman, and Seidman's refusal to return the car on the demand of the conditional vendor was wrongful. *Gilmore v. Newton*, 9 Allen, 171, 172. *Blanchard v. Child*, 7 Gray, 155, 157.

Report Dismissed.

Joseph Abrams, Harry Silver, for the plaintiff. Shair & Gorfinkle, Ruben H. Klainer, for the defendant.