ALFRED F. GEORGI, Respondent, *v.* THE TEXAS COMPANY, Appellant.

**Election of remedies — principal and agent — sale of goods to an agent of an undisclosed principal — attempt to recover value of goods from agent after seller has knowledge of all the facts of the agency.**

The question of election implies full knowledge of the facts necessary to enable a party to make an intelligent and deliberate choice:   When a person sells goods to another who is in fact an agent of an undisclosed principal, he may upon discovery of the principal resort to him or to the agent, at his election, but if, after having come to a knowledge of all the facts, he elects to hold the agent, he cannot afterwards resort to the principal.   When such creditor after all the facts have become known to him obtains a judgment against the agent, it is an election to resort to the agent to whom the credit was originally given and is a bar to an action against the principal.

*Georgi* v. *Texas Co.,* 173 App. Div. 809, reversed.

(Argued January 14, 1919; decided January 28, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 14, 1916, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*I. R. Oeland, H. E. J. MacDermott* and *James L. Nesbitt* for appellant. Plaintiff's assignor, knowing the name and identity of the principal, took judgment against the agent. The plaintiff cannot now have judgment. (*Drennan* v. *Boice*, 19 Misc. Rep. 641; *Tuthill* v. *Wilson*, 90 N. Y. 423; *Kingsly* v. *Davis*, 104 Mass. 178; *Ideal Concrete Co.* v. *Bank*, 159 App. Div. 344; *Weil* v. *Raymond*, 142 Mass. 206; *Matlage* v. *Poole*, 15 Hun, 556; *Barrell* v. *Newby*, 127 Fed. Rep. 656; *Brennin* v. *Thompson*, 33 Ont. L. R. 465; *Ranger* v. *Thallman*, 65 App. Div. 9.)

*Nathan D. Stern* for respondent. The direction of a verdict in plaintiff's favor by the trial court was not error. It appears without contradiction, *first*, that plaintiff's assignor did not have full knowledge of all the facts when it entered into judgment against the agent and proved its claim in bankruptcy; *second*, that defendant misstated the situation to plaintiff's assignor when called upon to state the facts. Under such circumstances the entry of the judgment and proof of the claim in bankruptcy was not an election which released defendant. (*Meeker* v. *Claghorn*, 44 N. Y. 349; *Coleman* v. *First Nat. Bank*, 53 N. Y. 388; *Cobb* v. *Knapp*, 71 N. Y. 348; *Sweeney* v. *Douglas Copper Co.*, 149 App. Div. 568; *Remmel* v. *Townsend*, 83 Hun, 353; *Brown* v. *Reiman*, 48 App. Div. 295; *Knickerbocker Biscuit Co.* v. *Devoe*, 81 Misc. Rep. 1; *Merrill* v. *Pacific Transfer Co.*, 131

Cal. 582; *Iron S. M. Co.* v. *Reynolds*, 124 U. S. 374; *Cleveland Woolen Mills* v. *Siebert*, 81 Ala. 140; *Atlas S. S. Co.* v. *Columbia Land Co.*, 102 Fed. Rep. 358.)

CRANE, J. This appeal touches upon the rule of election as between principal and agent for the recovery of goods sold. There is no misunderstanding about the law which is well settled by many authorities, but the difficulty has been its application to the facts of this case. Where goods have been sold to an agent whose agency and principal were not known and the claim has been prosecuted to a judgment, a recovery may nevertheless be had against the actual principal when the facts are disclosed. If, however, the creditor proceeds against the agent after full knowledge of the agency and recovers a judgment, an action may not thereafter be maintained against the principal. The election to recover from the agent is then a bar to other proceedings.

The question of election implies full knowledge of the facts necessary to enable a party to make an intelligent and deliberate choice. (*Lindquist* v. *Dickson*, 98 Minn. 369.) Knowledge of the right to recover from the principal is essential before suit against the agent may be regarded as an election to look to the latter, alone, for payment. Without knowing who the principal is or the fact of agency, an intelligent election is impossible. (*Steele Smith Grocery Company* v. *Potthast*, 109 Iowa, 413.) When a person contracts with another who is in fact an agent of an undisclosed principal, he may upon discovery of the principal resort to him or to the agent with whom he dealt, at his election, but if after having come to a knowledge of all the facts he elects to hold the agent, he cannot afterwards resort to the principal. When a creditor after all the facts have become known to him obtains a judgment against the agent, this is an election to resort to the agent to whom the credit

was originally given and is a bar to an action against the principal. (*Kingsley* v. *Davis,* 104 Mass. 178.)

The following authorities also justify this statement of the rule: *De Remer* v. *Brown* (165 N. Y. 410); *Knapp* v. *Simon* (96 N. Y. 284, 286); *Tuthill* v. *Wilson* (90 N. Y. 423); *Cobb* v. *Knapp* (71 N. Y. 348); *Coleman* v. *First National Bank of Elmira* (53 N. Y. 388); *Meeker* v. *Claghorn* (44 N. Y. 349); *Sweeney* v. *Douglas Copper Company* (149 App. Div. 569); *Remmel* v. *Townsend* (83 Hun, 353); *Barrell* v. *Newby* (127 Fed. Rep. 656).

As I have said, the law is well settled and understood, but its application to the facts of this case has led to a division in the court below. Doubt only arises as to one point and that is whether the plaintiff's assignor had full knowledge of the facts entitling it to recover against the principal when it pursued its remedy and obtained judgment against the agent. The facts briefly are these:

The Standard Paint Company of New Jersey in March, 1914, sold to the American Oil Cloth Company of the same state saturated felt for the sum of $2,399.91. In July, 1914, it brought action in the Supreme Court of New Jersey against the purchaser for the price and recovered judgment on the 13th day of October, 1914, for the full amount thereof. Execution was issued and returned unsatisfied. The judgment debtor was thereafter adjudicated a bankrupt in the District Court of the United States for the Southern District of New York, and the Standard Paint Company in March, 1915, filed its proof of claim for its debt existing upon said judgment.

The American Oil Cloth Company when it purchased the goods from the Standard Paint Company in March, 1914, was acting as agent for the defendant in this action, the Texas Company. Its authorization to make the purchase was contained in the following letter:

" THE TEXAS COMPANY
" Petroleum and Its Products
" SALES DEPARTMENT
" C. E. Woodbridge, Manager.
                    " NEW YORK, *March* 12th, 1914.
" AMERICAN OIL CLOTH COMPANY,
        " 262 Canal Street,
              " New York City:
" DEAR SIRS.— Referring to conversation between Mr. Bimberg and the writer today, you may purchase for our account from the Standard Paint Company:

" Five or six carloads of saturated felt weighing two and one-half pounds per square yard, each carload to contain about three hundred rolls; price seven cents per square yard, f. o. b. your plant at Salem, N. J.; for shipment between date and March 25th, to April 1st.

" I understand it will be necessary to have the material billed to the American Oil Cloth Company.

" Please arrange to have bills sent to you after the same have been approved as to quality and quantity by the Salem Works, and have them handed to us for payment.

" We will bill the goods to the American Oil Cloth Company pursuant to our contract with you for saturated felt.          Very truly yours,
                    " THE TEXAS COMPANY
" CEW /LBW          By C. E. WOODBRIDGE."

When sued as above stated in the Supreme Court of New Jersey, the American Oil Cloth Company filed an answer in which it pleaded that the goods were ordered in the name of and to be charged to the account of the Texas Company by its written authorization.

Louis J. Bimberg was secretary and treasurer of the American Oil Cloth Company at the times in question. In this action he was called as a witness for the plaintiff and testified that he brought the above letter and handed

it to the attorneys for the Standard Paint Company
in September of 1914.   Felix Jellenik, one of the attorneys,
was also its secretary in that year.   Bimberg also stated
that he mentioned this fact about the Texas Company
after the sale of the merchandise when payment was
demanded.

On September 29th, 1914, the attorneys for the paint
company wrote the following letter to the Texas Com-
pany, demanding payment for the goods sold to the
American Oil Cloth Company:

" JELLENIK & STERN,

" Counsellors at Law,

" 111 Broadway, New York

" FELIX JELLENIK

" NATHAN D. STERN.                    *September* 29, 1914.

" THE TEXAS COMPANY,

" 17 Battery Place,

" City:

" GENTLEMEN.— Our client, the Standard Paint Com-
pany, has placed in our hands for collection a claim
against you amounting to $2,417.13, being for saturated
felt sold and delivered to the American Oil Cloth Co.,
in which transaction you undoubtedly acted as the
undisclosed principal of that Company, of which fact
we have just become aware.   We beg to refer you to
your letter of March 12, 1914, addressed to the American
Oil Cloth Company, the original of which has just come
into and is now in our possession.

" Our instructions are to commence suit to recover the
above amount unless we receive a check without delay.
We shall await your check until Thursday, the 1st of
October, failing which you will leave us no alternative
but to commence suit.

" Very truly yours,

" JELLENIK & STERN."

By this letter we learn that on September 29th, 1914, the attorneys and the secretary for the Standard Paint Company had full information regarding the agency of the American Oil Cloth Company for the Texas Company and that the saturated felt had been ordered by the express direction and authorization of the latter company. In fact the Standard Paint Company had in its possession the original letter of March 12th, 1914, written by the Texas Company to the American Oil Cloth Company.

The reply sent by the Texas Company on September 30th, 1914, to the attorneys for the Standard Paint Company, while refusing to pay the bill, did not in any way deny the agency. Quite clearly it appears, therefore, that by October 1st the Standard Paint Company had knowledge of all the facts regarding the relationship between the Texas Company and the American Oil Cloth Company. In fact it had in its possession, as above stated, the written direction to the agent to buy the goods and have the bills handed to it, the Texas Company, for payment. No other fact regarding the Texas Company's liability has come to the knowledge of the Standard Paint Company which it did not have by October 1st, 1914. When this action was commenced against the principal, it knew as much, but no more than it knew on said date. In fact there is no claim made in this case that the company or its assignor, the plaintiff, was led to sue the principal because of anything discovered after October 1st, 1914.

And yet with possession of all the facts, and with full knowledge of the relationship, the creditor pursued its remedy against the agent and on October 13th, 1914, recovered judgment, issued execution thereon and in March, 1915, filed its claim in bankruptcy against the assets of the corporation.

It may seem, and in fact is a hard situation in which

the vendor is placed. It has sold goods to a bankrupt and the principal, who ordered them, is financially able to pay therefor. There is, however, much virtue in this rule of election; it serves a good purpose, is well known and has become firmly embedded in our procedure by the many decisions in this and other states.

The plaintiff, therefore, by reason of his assignor's action in determining to follow the agent for the purchase price instead of the principal after having full knowledge of all the facts is barred upon the evidence here presented from recovering in this action against this defendant.

The judgment, therefore, for the plaintiff as affirmed by the Appellate Division should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and ANDREWS, JJ., concur.

Judgment reversed, etc.