ARCHIBALD F. HALL *vs.* WILLIAM KOTOWSKI & another.
SAME *vs.* LEON KOTOWSKI.

Suffolk.    January 13, 14, 1925. — February 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Broker,* Commission.    *Practice, Civil,* Requests for rulings.

In an action by a real estate broker for a commission alleged to have been
    earned by procuring for the defendant, at his request, a purchaser of
    his real estate ready, able and willing to purchase, there was no evi-
    dence that the defendant employed the plaintiff to act as a broker
    until, in response to a letter from an employee of the plaintiff, he came
    to the plaintiff's office and there met a prospective customer; that an
    agreement between the defendant and the prospective purchaser then
    was drawn up but was not signed by the defendant, he not being able
    to read English; that a check for a deposit was given to the plaintiff's
    employee, who delivered it to the defendant; that the defendant took
    the agreement to a lawyer who spoke his language, with the result that
    it was discovered that he did not understand some of its terms and a new
    draft was made, which the prospective customer never signed. *Held,*
    that a finding was warranted that no agreement was made between the
    defendant and the purchaser and that the defendant was not liable.
Requests of a trial judge for rulings, which, although correct as statements
    of law, are not applicable to issues being tried, properly may be refused.

TWO ACTIONS OF CONTRACT, each for $717.50 alleged to
be due to the plaintiff as a real estate broker for obtaining a
purchaser of certain real estate.    Writs dated May 29, 1923.

In the Superior Court, the actions were tried together
before *Hammond,* J.    Material evidence, requests by the
plaintiff for rulings, and instructions by the judge to the jury
are described in the opinion.    The jury found for the de-
fendants.    The plaintiff alleged exceptions.

*J. W. Tushins,* (*D. Stahl* with him,) for the plaintiff.
*J. F. Daly,* for the defendants, submitted a brief.

PIERCE, J.  These are two actions of contract, brought
to recover a commission for negotiating the sale of certain
real estate in the Dorchester district, Boston, and were tried
together to a jury.

The plaintiff contends that he was employed by the de-
fendant William Kotowski, acting for himself, his wife
(Petrunella), and the defendant Leon Kotowski, to find a
purchaser ready, able and willing to purchase the property
in question for the price of $20,500 inclusive of a first mort-
gage which was to run sixteen years.  The record nowhere
discloses that the defendant William Kotowski, before his
interview (hereinafter described) with one Cohen, at the
office of the plaintiff, for himself or as agent of the other
defendants, in August, 1922, employed the plaintiff as a
real estate broker to sell the premises in question for $20,500;
the evidence for the plaintiff being that said defendant told
Jones, an agent of the plaintiff, at the office of the plaintiff
"that he [the defendant] wanted to sell the house and  . . .
there was a mortgage for $13,000, which had twenty years
to run."

It further appeared in evidence that the defendant William
Kotowski some time in September, 1922, in response to a
letter from the agent Jones, went to the office of the plaintiff
and there had a conference with one Cohen, and with Jones
and Wolfe, agents of the plaintiff; that Wolfe prepared a
draft of an agreement wherein Cohen was to purchase and
the defendants to sell the property for $20,500, subject to
a mortgage which was to run sixteen years; that Cohen gave
a check to Jones for $200, which Jones indorsed and de-
livered to the defendant William Kotowski, who retained
it; that he is a Pole and could not read the agreement; that
he did not sign it, but took it to the office of a Polish speaking
attorney to read to him; that at the office of this attorney,
Cohen and Wolfe being present, the attorney asked the de-
fendant William Kotowski whether he understood about the
sixteen year mortgage and on his replying "he did not,"
that the attorney struck out the words approximately six-
teen years to run.  It further appeared in evidence that the
attorney prepared new drafts of agreement, excluding the

clause relative to the sixteen year mortgage, and also changing the draft so that the defendant Leon Kotowski should appear as seller; that he delivered this paper signed by Leon Kotowski and retained the old drafts of agreement, signed by William and Petrunella Kotowski; that the new drafts of agreement were taken by Cohen to his own lawyer, and were never signed. by Cohen; and that the old drafts were never delivered to him.

At the close of the evidence the plaintiff requested the trial judge to instruct the jury in each case as follows:

"2. If the plaintiff procured a customer who was ready, able and willing to purchase the premises on the defendant's terms, it was not necessary that he be present or take part in making the contract of sale.

"3. It is not necessary for the defendant to have title to the property in order to make a valid agreement for its sale; and the broker earns his commission if he procures a customer who is ready, able and willing to purchase the property on the principal's terms whether or not he owns the property."

"8. If the plaintiff procured a customer who was ready, able and willing to purchase the property on the defendant's terms, he is entitled to his commission even though the contract is not carried out."

These requests for instructions were refused rightly. In themselves they are accurate statements of law but are inapplicable and impertinent to the facts disclosed by the record. *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 479. *Willard* v. *Wright,* 203 Mass. 406, 409. *O'Connell* v. *Casey,* 206 Mass. 520. Referring to the conference at the office of the plaintiff, the judge rightly left it to the jury to determine on the evidence whether Cohen and the defendant William Kotowski then came to a definite. and final understanding as to the terms upon which the property was to be purchased and sold, or whether it was the understanding that the terms of sale were not to be settled until the agreement was signed between them and exchanged. *Woods* v. *Matthews,* 224 Mass. 577, 585. It is plain the jury could find on the evidence that Cohen and the defendant William Kotowski

never agreed on the terms of the sale, and it is equally plain that there was no evidence that the defendant William Kotowski authorized the plaintiff to procure a customer upon any definite terms before the conference of all parties at his office.

There is nothing in the fact, drawn out by the defendants on cross-examination, that letters were written "with reference to the suit," which could give the defendants an unfair advantage over the plaintiff if the plaintiff was not permitted to read such letters to the jury. The exception to the refusal to permit these letters to be read was not well taken.

*Exceptions overruled.*