CHARLES SCHOLL and Another, Appellants, *v.* GEORGE McLEOD BAYNES, Respondent.

Supreme Court, Appellate Term, First Department, May 21, 1925.

**Principal and agent — action to recover for work, labor and services — execution on judgment in prior action on same state of facts against defendant's wife returned unsatisfied — plaintiffs having elected to prosecute action against wife as principal, barred from recovery against husband.**

Plaintiffs, in an action for work, labor and services ordered by defendant's wife prior to their marriage, cannot recover against the defendant, where it appears that execution on a judgment was returned unsatisfied against defendant's wife in a prior action upon the same state of facts, since said judgment bars recovery against this defendant under the rule that plaintiffs, having elected to prosecute their action against the wife as principal, may not now prosecute the same action against the husband.

BIJUR, J., dissents, with opinion.

APPEAL by plaintiffs from a judgment of the City Court of the City of New York dismissing the complaint at the close of the plaintiffs' case, after a trial by a judge and a jury.

*Henry Hoelljes* [*Walter Carroll Low* of counsel], for the appellants.

*Quencer & Willcox* [*Edwin W. Willcox* of counsel], for the respondent.

PER CURIAM:

We are of the opinion that the learned trial justice correctly ruled that the judgment obtained by plaintiffs against the defendant's wife barred recovery against the husband. When the plaintiffs sued the wife, upon the theory that she was the principal, they were in possession of every available fact out of which any implication was drawable. They "discovered" nothing thereafter. They were as well able then to make an intelligent election as they could have been at any subsequent time. They deliberately pinned themselves down to a contention that the wife contracted on her individual account, and not as the agent of her husband. It is probable that they thought a judgment against the wife would be more easily realized upon than a judgment against the husband; but however that may be, they attempted unsuccessfully to collect under their judgment against the wife, and then, without a single new fact, or new discovery of an old fact, they brought this instant action against the husband. It seems to a majority of this court to be quite plain that under the well-established doctrine of election applicable to such cases as this, the plaintiffs conclusively staked their hopes and rested their chances upon the claim that the wife contracted as principal and not as agent. (*Georgi v. Texas Co.*, 225 N. Y. 410, and cases there cited.)

Judgment affirmed, with costs.

MULLAN and COTILLO, JJ., concur; BIJUR. J., dissents in opinion.

BIJUR, J. (dissenting):

This action is brought by plaintiffs against the defendant to recover for work done upon some furniture. The order for the work was given by defendant's wife prior to their marriage. It appears that judgment was recovered against Mrs. Baynes by the plaintiffs in June, 1922. Plaintiffs now sue Mr. Baynes as the disclosed principal, and the complaint was dismissed at the close of the plaintiffs' case on the ground that upon the authority of *Georgi v. Texas Co.* (225 N. Y. 410) the suit against Mrs. Baynes was a conclusive election to hold her and not the disclosed principal. I do not understand it to be claimed by the defendant that Mrs. Baynes at the time of ordering these goods disclosed the fact that

she was acting on behalf of the present defendant. At all events, I can find no such testimony in the record. In the *Georgi* case not only was the agency disclosed in the answer of the agent, but the plaintiff was furnished with the agent's letter of authority and made demand upon the defendant, the principal, for the payment of the debt. That case is no authority for the proposition involved in the present appeal, namely, that the mere statement, if any, by the agent after the making of the contract that someone else was the principal is sufficient basis for inferring a conclusive election by suit against the agent. Nowhere has any evidence developed in the present case which even approximates such proof or demonstration to the plaintiffs that defendant was the principal in the transaction as would require them to give it any more attention than any other rumor or hearsay evidence. Surely no conclusive presumption of an election can be predicated upon anything other than what is mentioned in the *Georgi* case, namely, *knowledge* of the *facts*.

There is also some claim that Mrs. Baynes, called as a witness by the plaintiffs, gave some testimony to the effect that she had at the outset disclosed her agency. As said above, I cannot find it, but if she did, it is conceded that she also gave testimony to the contrary effect, and plaintiffs denied that they had been apprised of that fact. Were that issue presented by competent evidence, however, the contradictions of plaintiffs' witness, both by her own testimony and of theirs, would leave the actual fact as an issue to be determined by the jury. (*Williams* v. *D., L. & W. R. R. Co.,* 155 N. Y. 158; *Odell* v. *Webendorfer,* 60 App. Div. 460.)

In my opinion, therefore, the judgment dismissing the complaint at the conclusion of the plaintiffs' case was erroneous and should be reversed, with costs to appellant to abide the event.

Judgment affirmed.