Barron, J.
This is an action in contract for merchandise sold to the defendant. The defendant introduced in evidence the following, to wit:
“That the defendant Samuel Ziman on December 9, 1935 went to the place of business of the plaintiff and selected ninety ‘Second’ Garments from its stock; that he made out a check while there for One Hundred Eighteen Dollars and Twenty [Cents ($118.20) dated December 9, 1935 and signed it ‘B. Ziman’, that thereafter payment was stopped on the check, that the plaintiff knew the defendant only as ‘Ziman’, that suit was brought against ‘B. Ziman’, by a writ dated January 19, 1936, on a count that alleged the goods were sold to B. Ziman, that an answer was filed in which no defense of identity was set up, and the plaintiff secured a judgment by default on May 22, 1936, that on June 9, 1936 the plaintiff initiated supplementary proceed *335 ings against ‘B. Ziman’ and the matter was set down for hearing on September 12, 1936, that by a letter dated September 8,1936, from B. Ziman’s attorney the plaintiff learned that ‘B. Ziman’ was the wife of ‘S. Ziman’ and ‘had nothing to do with the transaction’, that the hearing was postponed until October 10,1936 and on that day, B. Ziman also known as Bertha Ziman admitted under oath that she had no assets and did not engage in any business, that the supplementary proceedings were continued until November 14,1936, that by a writ dated October 20, 1936 the plaintiff sued the present defendant ‘ Samuel Ziman. ’ ”
At the time of the sale Samuel Ziman said nothing to the plaintiff or its agents about the identity and relationship of B.-Ziman. It is agreed that B. Ziman is the wife of Samuel Ziman.
The defendant filed five Bequests for Bulings and Findings. No. 3 was allowed. The following disposition was made of the others:
“1. Upon all the evidence the plaintiff cannot recover for the reason that having elected to bring an action for the same debt and subject matter against the wife of this defendant B. or Bertha Ziman this Court case No. 3136-36 the plaintiff is now estopped in an action against to her husband at this time especially that the plaintiff had notice of the relationship of husband and wife. Denied.
“2. Where one accepts a check in payment of merchandise, and then sues and recovers judgment and proceeds to enforce same under supplementary proceedings after judgment, that same is an election of remedies as against that particular judgment debtor and the plaintiff cannot thereafter proceed against the original party who procured the merchandise. Yes; in certain situations but inapplicable here. See findings of fact.
“4. The letter dated Sept. 8th, 1936 from the defendant’s attorney to the plaintiff’s attorney was notice to the plaintiff that B. Ziman was Bertha Ziman, the *336 judgment debtor in the Brighton District Court Supplementary proceedings after judgment; and that the plaintiff subsequent prosecution of the said judgment in the said court bars the present action or estops the present plaintiff from prosecuting this claim. Denied.
“5. The plaintiff is estopped to prosecute further this claim after its conduct following the receipt of the letter dated Sept. 8th, 1936 as matter of law. Denied.”
“I find as a fact that Samuel Ziman, the defendant, purchased the goods in question and was a principal in the transaction; that B. Ziman was not the agent of the defendant.”
The court found for the plaintiff in the amount of $67.50.
Bequests numbered 1 and 2 were properly denied. They are based upon premises which do not exist. They are not applicable to the facts. In Bequest No. 1, the defendant requests the judge to rule that there is an estoppel because there has been an election by the plaintiff, but the evidence indicates that no election was made. Bequest No. 2 is based upon the theory that the check which the defendant, S. Ziman, presented to the plaintiff was accepted in payment of the merchandise. There is no evidence to this effect. Suit was brought against B. Ziman on a count alleging goods sold, and not on the check.
Where assumed facts are not found, a request based on them is properly refused. Hall v. Kotowski, 251 Mass. 494, 496; Crowninshield Shipbuilding Co. v. Jackman, 283 Mass. 21, 22. It is obvious that the plaintiff made no election between the defendant and his wife prior to judgment against the wife, as the identity of the defendant, a principal, was not known by name, and there was, therefore, no opportunity to indicate a choice.
Election involves a choice, and choice presupposes knowledge of alternatives and freedom and opportunity to choose between them. Pittsburgh Terminal Coal Corp. v. Bennett, 73 Fed. (2d) 387, 119 A. L. R. 1324 N.; Georgi v. Texas Co., 225 N. Y. 410.
*337 The bringing of an action even as against an agent, followed by his default and the entry of judgment by the creditor in ignorance of the existence of the principal is not an election. Gavin v. Durden Coleman Lumber Co., 229 Mass. 576, 579; Hutchinson v. Wheeler, 3 Allen 577.
Bequests numbered 4 and 5 present the same request although in different phraseology; namely that the plaintiff is estopped from prosecuting this action. The report shows no evidence to support this theory. The essential elements of estoppel are not present. The bringing of the suit against B. Ziman, the wife, did not cause the defendant, S. Ziman, to do anything different from what he otherwise would have done, nor is there anything to indicate that the suit against B. Ziman was a detriment to the defendant.
“In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable”. Rugg, C. J. in Cleaveland v. Malden Savings Bank, 291 Mass. 295, 297, Industrial Bankers v. Reid, 1937 A. S. 415, 419.
Beport dismissed.