**In the Matter of WILLIAM J. McCAR-THY, Inc., Bankrupt.**

United States District Court
S. D. New York.

Oct. 26, 1954.

Harry Mesard, New York City, special counsel to the trustee.

Max Ornstein, New York City, for Vernon Lumber Corp. Arthur W. Baily, New York City, of counsel.

DAWSON, District Judge.

This is a petition by the Vernon Lumber Corporation for review of an order and decree of the Referee in Bankruptcy, dated August 13, 1954, disallowing a claim of the Vernon Lumber Corporation against the bankrupt, in the amount of $1,947.92, and taxing costs against the said lumber company.

The petition alleges error in that the Referee admitted into evidence Trustee's

Exhibits 3 and 4; that Items 5, 6, 10, and 11 of the Referee's findings of fact are contrary to the evidence; that conclusions of law 1 through 11, inclusive, are contrary to law and contrary to the evidence.

A voluntary petition in bankruptcy was filed by the bankrupt herein on October 28, 1952, in which the schedule of unsecured creditors listed the Vernon Lumber Corporation as a creditor in the amount of $1,947.92. On November 1, 1952, Vernon commenced an action in the Municipal Court of the City of New York, against William J. McCarthy, an individual, for goods sold and delivered in the amount of $1,947.82. The defense in this action was that the goods were sold to the corporate bankrupt, William J. McCarthy, Inc., not to William J. McCarthy, an individual. Upon the trial of the action, the complaint was dismissed on the merits and judgment entered for the defendant William J. McCarthy.[1]

Thereafter, on May 7, 1953, Vernon filed its proof of claim in the bankruptcy proceeding. It stated in Item 3 that the consideration for the claim was sales to William J. McCarthy as an individual; that thereafter McCarthy swore that the lumber was purchased and used by the bankrupt William J. McCarthy, Inc.; that, therefore, claimant elects to hold both the individual William J. McCarthy and the bankrupt William J. McCarthy, Inc. responsible, and waives no rights against the individual William J. McCarthy by reason of the filing of its claim.

On March 23, 1954, the attorney for the trustee in bankruptcy moved to disallow the claim of Vernon. On March 25, 1954, Vernon moved to amend its proof of claim so as to set out in detail in Item 3 the determination of the aforementioned action in the Municipal Court of the City of New York; to allege that, in fact, the bankrupt received and used the lumber upon which its claim was based; and to further plead that the bankrupt would be unjustly enriched if not required to pay for the lumber purchased in the amount of $1,947.92. Hearings were held on the controverted claim.

On July 12, 1954, the Referee handed down an opinion in which he disallowed the claim on the ground that claimant had perpetrated a fraud upon the Court. On August 13, 1954, the Referee granted the trustee's motion and ordered that the claim of the Vernon Lumber Corporation be disallowed. It is that order that is now before the Court.

The Referee arrived at his conclusion that the claim of Vernon should be disallowed on two principal points:

1. That the affidavit of the corporation, Vernon, by its Vice-President, in the action in the Municipal Court of the City of New York, that the debt in question was the personal liability of William J. McCarthy, cast the burden of proof upon Vernon to satisfy the Bankruptcy Court that, in the exercise of its equitable jurisdiction, it should allow the claim, and such burden had not been met.

2. That Vernon by deliberately failing to produce its Vice-President and Treasurer, wilfully suppressed available evidence and perpetrated a fraud on the Court.

In his opinion, the Referee stated:

"The evidence at the hearing showed that the bankrupt, William J. McCarthy, Inc., purchased from Vernon this lumber and agreed to pay therefor $1,947.92, and Vernon would be entitled to a judgment at law. Such evidence is the listing of the debt in bankrupt's schedules, in its books, and in its copies of orders in the name of William J. McCarthy, Inc. Such evidence makes a prima facie case for a judgment at law. But because of Werfel's affidavit (Vernon's Vice President) in Vernon's motion for summary judgment in the Municipal Court

1. Aff'd Vernon Lbr. Corp. v. McCarthy, Sup.Ct.App.Term, 2d Dept., May 21, 1953, 135 N.Y.S.2d 47.

and his failure to claim a sale to the corporation in his deposition to prove a claim, the burden is still on Vernon to satisfy the bankruptcy court that, in the exercise of its equitable jurisdiction, it should allow the claim."

The Referee then proceeded to assume that Vernon did not meet the burden. He stated in his opinion:

"Entries in the bankrupt's books and statements in its schedules and McCarthy's testimony may not be correct. The bankrupt corporation would not be liable if in fact the lumber was bought by McCarthy individually and not as agent, and McCarthy had resold it or made a gift to the corporation."

■ The record provides no support for either of these assumptions. A court may not arbitrarily assume a hypothetical set of facts and impose the burden of disproving these facts upon a claimant. The filing of a sworn proof of claim is sufficient to establish a prima facie case. To meet objections, a claimant need only prove his claim; he need not disprove other contentions, unless they are raised. Vernon's burden was to substantiate its claim. It did not have to do more. All matters of affirmative defense rested on the objecting trustee. In re Hannevig, 2 Cir., 1925, 10 F.2d 941, certiorari denied Wise v. Kettle, 270 U.S. 655, 46 S.Ct. 353, 70 L.Ed. 783; In re Gorgeous Blouse Co., Inc., D.C.S.D.N.Y.1952, 106 F.Supp. 465.

■ Here the claimant has frankly stated that it understood that the lumber had been sold to William J. McCarthy as an individual. The corporation, however, showed on its books that it was sold to the corporation and not to the individual. To determine the creditor's rights against the individual, it brought the action in the Municipal Court. There is no question that Vernon, by proceeding with the Municipal Court action, did not waive its rights to elect to enter the bankruptcy proceeding as a creditor. Georgi v. Texas Co., 1919, 225 N.Y. 410, 122 N.E. 238; Henderson Tire and Rubber Co. v. Gregory, 8 Cir., 1926, 16 F.2d 589 at page 593. This the Referee recognized.

The determination in the Municipal Court action and its affirmance by the Appellate Term, Second Department, set to rest the contention that the lumber in question had been sold to William J. McCarthy as opposed to William J. McCarthy, Inc., Hall v. Lauderdale, 1871, 46 N.Y. 70; De Remer v. Brown, 1900, 165 N.Y. 410, 59 N.E. 129.

All that remained for the claimant was the burden of proving in the bankruptcy proceeding that the debt in question was a debt of the bankrupt William J. McCarthy, Inc. In his opinion, the Referee admitted this burden had been met and that claimant would be entitled to a judgment at law.

■■ However, as the Referee pointed out, in bankruptcy proceedings, the Court exercises equity jurisdiction, Pepper v. Litton, 1939, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, and the mere right of a claimant to a judgment at law is not a dictate that a claimant should participate in the dividends in a bankruptcy proceeding where equity would indicate otherwise. The Referee concluded that Vernon's conduct in bringing its action in the Municipal Court of the City of New York against William J. McCarthy as an individual was an act of bad faith and its refusal to produce its Vice-President and Treasurer at the hearings was an act of such a nature as to impose a fraud upon the Bankruptcy Court which equity in good conscience would not tolerate. Where there was this uncertainty as to who was liable for the debt, it does not appear that bringing the Municipal Court action was a fraud. To so hold would be tantamount to concluding that by bringing this action, the creditor waived its rights in the bankruptcy proceeding. Such is not the law.

■■ So also the failure of Vernon to produce its Vice-President and Treasurer at the hearing on the objections to

its claim was not tantamount to the suppression of evidence and a fraud upon the Court. The Referee stated that Vernon had sufficiently shown the debt obligation owed to it so as prima facie to entitle it to a judgment at law. If the objecting trustee had thought that their presence was necessary, he could have subpoenaed them.

The cases of Hazel-Atlas Co. v. Hartford Empire Co., 1944, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; Root Refining Co. v. Universal Oil Products Co., 3 Cir., 1948, 169 F.2d 514; American Insurance Insurance Co. v. Scheufler, 8 Cir., 1942, 129 F.2d 143; General Excavator Co. v. Keystone Driller Co., 6 Cir., 1932, 62 F.2d 48; Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 54 S.Ct. 146, 78 L.Ed. 293, cited by the Referee in his opinion as authority for the proposition that a fraud upon the Court warrants a refusal to allow a claim, are not applicable here. They are concerned with situations where a fraud in fact was imposed upon the Court and the parties.

█ It would be a departure from the practices of equity, and constitute unjust enrichment, to deny Vernon its remedy in the bankruptcy proceeding because conceivably it had mistaken its remedy, which remedy did not exist. See Friederichsen v. Renard, 1919, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075; Smith v. Kirkpatrick, 1953, 305 N.Y. 66, 111 N.E.2d 209, Henderson Tire and Rubber Company v. Gregory, supra. To hold otherwise, in the absence of other equitable considerations, such as detriment to the bankrupt or other creditors, would almost compel prescience upon a party.

The Referee found that the creditor would have been entitled, on the facts shown in the record, to a judgment at law.

I do not believe that the points made by the Referee would constitute an equitable basis for an inequitable result which inevitably would follow if the bankrupt who had admittedly received the lumber was excused from paying the creditor who had sold it.

The finding of fact No. 11 of the Referee should be set aside as being a conclusion and not a fact. The conclusions of law of the Referee marked 5, 6, 7, 8, 9, 10, and 11 should be set aside and a decree entered in accordance with this opinion.