### MARY A. FLANAGAN *vs.* NATHANIEL CUTLER.

Hampden. Sept. 26. — Oct. 23, 1876. COLT & MORTON, JJ., absent.

A mortgagee of personal property, summoned as trustee, under the Gen. Sts. c. 123, § 67, in an action against the mortgagor, and who, knowing that the property was attached, and that he was summoned as trustee, entered no appearance, filed no answer, and was defaulted, is estopped to maintain an action against the officer for a conversion of the mortgaged property by a levy of execution thereon.

TORT, by a mortgagee of personal property, against a deputy sheriff, who attached and sold the same on execution as the property of the mortgagor, in two actions in which the mortgagee had been summoned as trustee. At the trial in the Superior Court, before *Allen*, J., the jury returned a verdict for the plaintiff and the defendant alleged exceptions, the substance of which is stated in the opinion.

*G. D. Robinson*, for the defendant.

*M. P. Knowlton*, for the plaintiff.

ENDICOTT, J. In the original actions against T. J. Flanagan, personal property in his possession was attached, which was subject to a mortgage held by this plaintiff, and she was duly summoned as trustee under the Gen. Sts. c. 123, §§ 67–71. *Kent* v. *Lee*, 9 Gray, 45. It appears in the bill of exceptions that she knew the property was attached, and that she was summoned as trustee because she held the mortgage. She gave her papers to T. J. Flanagan, to act in her behalf, but no appearance was entered or answer filed for her, and she was defaulted. Execution having issued against T. J. Flanagan in these actions, and the property attached having been sold by the defendant as deputy sheriff, and the proceeds applied to the satisfaction of the executions, she now brings this action against him for conversion of the property. The decisive question of the case is, whether she is concluded by failing to appear and suffering a default, when summoned as trustee.

Upon a careful examination of the provisions of the Gen. Sts. c. 123, §§ 62–71, we are of opinion that all questions affecting the interests of the mortgagee in the property are to be finally determined in the action in which the property is attached, and the mortgagee summoned as trustee. The court is to inquire into the consideration of the mortgage and the amount due thereon. The amount being ascertained, the attaching creditor may be directed to pay that sum to the mortgagee within a certain time; if he fails to do so, the attachment is dissolved. The validity of the mortgage may also, at the instance of the creditor, be tried by a jury, and the mortgagee must abide the final determination in reference to its validity. *Martin* v. *Bayley*, 1 Allen, 381, 383. See *Furber* v. *Dearborn*, 107 Mass. 122, and cases cited.

The questions therefore to be tried are those affecting the consideration, the validity of the mortgage, the amount due, and such other questions as may be necessarily involved in determining the rights of the parties in the property attached. In no event can the mortgagee be charged to pay over goods, effects or credits in his hands, as in the case when a party is summoned as trustee in the ordinary process of foreign attachment. It is ob-

vious that a writ of *scire facias* cannot issue, as the plaintiff contends, against a mortgagee so summoned and defaulted. That writ can be sued out only when a person adjudged a trustee fails to pay over to the officer, on demand, goods, effects and credits, sufficient to satisfy the execution, and the execution is not otherwise satisfied. Gen. Sts. *c.* 142, § 39. But, in the case we are considering, the mortgagee can only be summoned as trustee, where the property attached is in the possession of the mortgagor. No property being in the hands of the mortgagee as trustee, no demand can be made, and consequently no *scire facias* can issue.

In the case of *Brown* v. *Neale*, 3 Allen, 74, after the attachment of the property, the name of the mortgagee was inserted and he was summoned as trustee. It was held that, the writ having been improperly altered, there could be no rightful service, after the alteration, on the trustee, and that he was not, by his subsequent default, estopped from suing the sheriff for a sale and conversion of the property. That was the point decided; and the remark in the opinion to the effect that the default of a trustee has never been conclusively binding on him, and that he could always show that he was not chargeable on *scire facias*, we cannot regard as determining the question raised in this case.

Upon the case as presented in the bill of exceptions, we are of opinion that the plaintiff cannot maintain this action.

*Exceptions sustained.*