CONGRESS INVESTMENT COMPANY *vs.* ROBERT REID.

Suffolk.    March 3, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Mortgage,* Of personal property.  *Attachment,* Of mortgaged personal property.  *Notice.*

In an action brought by a mortgagee of personal property against an officer who had attached the property under R. L. c. 167, §§ 69, 70, for its alleged conversion, it appeared that, on the day after the attachment, the plaintiff in attempting to make a demand in writing under § 70 had delivered to the defendant a notice which did not apply to the goods under attachment and stated an amount which was not a just and true account of the amount due under the mortgage, and that, on the twenty-ninth day after the attachment, the plaintiff had given the defendant a demand in writing stating a just and true account of the debt for which the property was liable to him, which the defendant contended was not given in time. There was evidence upon which the jury might have found that the plaintiff when he gave the first notice supposed that it was good, that the errors were made inadvertently and with no intention to mislead, that as soon as the plaintiff became aware that the notice was bad he took measures to give a second notice and that this was given with reasonable promptness after the plaintiff discovered the mistakes in the first notice, that the delay on the part of the plaintiff was with no intent to injure or prejudice the defendant in any way and was due entirely to inadvertence, and that no rights had intervened between the time of the attachment and the time of the second notice.    There also was evidence of the plaintiff from which the jury might have found further that it was from the first the determination of the attaching creditor, under whose directions the defendant was acting in making the attachment, to hold the property "anyhow" whether there was any mortgage on it or not, and to take his chances of being compelled to pay the mortgage debt, that the value of the property was less than the amount of the mortgage and from this and other circumstances it might have been inferred that the delay was in no way prejudicial to the defendant and that he had done nothing which he would not have done if the notice had been given sooner.    *Held,* that it could not have been ruled as matter of law that the notice was not given in time, and also that a verdict for the plaintiff was warranted.

TORT by the Congress Investment Company, a corporation, against Robert Reid, a constable of the city of Boston, for the alleged conversion of certain goods and chattels covered by a mortgage held by the plaintiff and attached by the defendant in an action brought by one Charles P. George against Raymond Hayes, the mortgagor, the plaintiff alleging that it gave to the defendant as the attaching officer a just and true account in writing of the debt due to it under the mortgage in compliance with the provisions of R. L. c. 167, §§ 69, 70. Writ in the Municipal Court of the City of Boston dated November 15, 1907.

On appeal to the Superior Court the case was tried before *Sanderson*, J. The mortgage under which the plaintiff claimed title was dated July 16, 1907, and was properly executed and recorded. It was for $97.60, without interest. The writ in George *v.* Hayes, under which the defendant made the attachment, was dated September 9, 1907, and the attachment was made on September 23, 1907. Judgment was obtained in that action on November 1, 1907, and execution issued on November 5, 1907.

In the action of George *v.* Hayes the mortgagee was not summoned as trustee, and the goods in question were in the possession of the mortgagor at the time of the attachment. It was admitted in evidence that the defendant Hayes had notified the plaintiff in this action of the attachment on the day that it was made by informing the attorney of the plaintiff at his office, that the attorney, upon receipt of the notice of the attachment, on the day following, that is, on September 24, 1907, sent a notice of a mortgage to the attaching officer, called in the opinion the first notice, which it was admitted was received on that day by the officer who turned it over to the attaching creditor, who turned it over to his attorney.

There was evidence tending to show that upon investigation at the city clerk's office of the city of Boston it was found that the mortgage described in the notice did not apply to the goods under attachment, that the goods were not returned to the plaintiff, nor was the amount claimed to be due on the mortgage, nor any portion thereof, paid at any time after the giving of the notice but that there was a mortgage on record running from

Hayes to one Phillips covering goods other than those under attachment, in the amount of $150 and interest, the rate not disclosed.

The attaching officer, the present defendant, removed the goods from the premises on September 28, 1907, and put them in a place of storage, where so far as appeared they had remained ever since.

It was stated in evidence by one of the plaintiff's witnesses that the plaintiff's attorney had made a mistake in sending the notice of September 24, 1907, that he had taken the wrong account from the ledger and that it was not a true account of the mortgage on the goods under attachment, and that the treasurer of the plaintiff had signed the notice without reading it or verifying it to see whether it was correct or not.

It further was shown in evidence that on October 14, 1907, the plaintiff's attorney sent a letter to the defendant's attorney and that a second notice was given to the attaching officer on October 22, 1907, which contained a just and true account of the debt or demand.

The defendant in his answer justified under the writ and execution in the action of George *v.* Hayes. He alleged that the notice of September 24, 1907, served by the mortgagee upon him falsely stated the name of the mortgagee and overstated the amount due on the mortgage, and was grossly misleading and was an injury and was not such a notice as would enable him, or the attaching creditor, to act understandingly in regard to the claim of the mortgagee, that the letter of October 14, 1907, if found to be in time, was still furthur misleading as it referred to the same mortgage mentioned in the first notice of September 24, 1907, and that the second notice of October 22, 1907, was faulty in point of time, not having been given until twenty-nine days after the attachment and twenty-nine days after the plaintiff had received notice of it, and twenty-four days after the goods had been removed to a place of storage and the attaching creditor was already prejudiced by the misleading demand made by the mortgagee and had been put to the expense of moving and storing the goods and other legal expenses.

The first notice referred to above was as follows:

"Boston, Mass., Sept. 24th, 1907.
"Robert Reid, Esq., Constable of Boston:

"You are hereby notified that the office furniture, rug, table, chairs and book case now located in the office of the New York Life Ins. Co., Oliver Building, Milk St., Boston, held by you under attachment as the property of Raymond Hayes are incumbered by a certain mortgage given to me by Raymond Hayes, duly recorded in the records of the City Clerk of the said Boston to secure several promissory notes amounting to $177.60, and I hereby demand the said sum of $177.60 with interest thereon at six per cent per annum from the date of said mortgage, being the amount due and remaining unpaid and for which said property is liable to me under said mortgage.

"Solomon Phillips,
Mortgagee."

The letter referred to above was as follows:

"Boston, Mass., October 14th, 1907.
"Mr. H. Douglass Campbell,
8 Beacon St., Boston.
"Dear Sir:

"Mr. C. P. George has referred me to you as his attorney with reference to a claim which I have in favor of Solomon Phillips.

"About a month ago, George removed mortgaged property belonging to Raymond Hayes, upon which Phillips held a mortgage, amounting to $97.60 and interest from July 16th, 1907, which mortgage is on record. Please let me know at once whether your client will adjust the same or not as I am desirous of bringing this matter to a head at once, so that it may be adjusted before the action of George *vs.* Hayes is tried on Wednesday next.

"Sincerely yours,
"T. J. Barry."

The second notice referred to above was as follows:

"Boston, October 22d, 1907.
"To Robert Reid, Constable City of Boston.
"Sir:

"You are hereby notified that the office furniture and personal property held by you under attachment as the property of

Raymond Hayes are incumbered by a certain mortgage given by said Hayes to the Congress Investment Company, dated July 16th, 1907, and duly recorded in the records of the City Clerk of said Boston, to secure a promissory note for $97.60. And I demand the sum of $97.60 with interest thereon, at the rate of six per cent per annum, from the date of said mortgage; being the amount due and remaining unpaid and for which said property is liable to said company under said mortgage.

> "Congress Investment Company,
>
> [Seal of                         By Solomon Phillips, Treas."
> Congress Investment
> Company]

Phillips, the treasurer of the plaintiff, testified to a conversation by telephone which he had with George, the attaching creditor, as follows: "Told him that he was taking the stuff away where we held a mortgage. This company holds a mortgage on the stuff, — and he told me over the telephone that Mr. Hayes has owed him money on a note and he was going to get square with him, — going to take the stuff anyway, — going to get the stuff away anyhow and going to hold on to it." — Q. "That was the time you had the mortgage on the property?" A. "Exactly." — Q. "Did you tell him the amount of your claim?" A. "Yes. I told him that if he would give me $97.60 he could have the stuff. I did n't want the stuff provided the company got what was coming to them." — Q. "Did you tell him $97.60 was the amount of your claim?" A. "Yes, $97.60." Q. "Did he say anything to you then?" A. "He said, 'If I have to pay it I will pay it.' "

George denied that he had such a conversation with Phillips or with any one.

At the close of the evidence, the defendant asked the judge to rule that on the evidence the plaintiff could not recover. The judge refused to make this ruling, and the defendant excepted. The defendant also asked the judge to make the following rulings:

"1. If the plaintiff does not show that the attaching creditor was not prejudiced by the overstating of the amount and the misstatements contained in the notice of September 24, 1907,

the demand is void and the attachment is good against the mortgagee.

"2. It cannot be said that the defendant was not misled to his pecuniary loss and the plaintiff cannot be relieved from the consequence of his misleading demand.

"3. The defendant has shown that he was pecuniarily injured by the misstatement contained in the notice of September 24, 1907, and had been put to the expense of removing the goods and the plaintiff cannot be relieved of the consequences.

"4. The notice of October 22, 1907, was not given within a reasonable time and therefore the plaintiff cannot maintain his action.

"5. If the first notice is disregarded and the plaintiff stands on the second notice it is insufficient in point of time it not having been given until twenty-nine days after the attachment and until the defendant had removed the goods to a place of storage."

The judge refused to make any of these rulings, although it was held by this court that he gave in substance the ruling numbered one in the requests of the defendant. The judge submitted the case to the jury with other instructions, which included the following:

"I have been asked to give several rulings by the defendant. One is 'that the notice given on September 24th was not a proper notice under the statute and was inoperative to defeat the attachment.' That I give. Neither side claims that it was;

"'That if the notice of September 24 was insufficient to give the attaching creditor such information as would enable him to act understandingly in regard to the claim, the plaintiff cannot maintain his action, the question of reasonable diligence, where the facts are agreed, is a matter of law.' If the plaintiff gave an invalid notice, by the giving of the second notice which complied with the statute and was valid in all respects, it can recover in this action. That is, the fact that it gave an invalid notice would not prevent its recovery if it later gave a valid and sufficient notice. If the plaintiff gave a notice to the defendant which did not contain a true and just account, and if the plaintiff satisfies you that the mistake was inadvertent and made

through an honest mistake, and was not intended and did not mislead the defendant and thereafter the plaintiff gave the defendant a second notice which complied with the statute and contained a just and true account of the amount due upon its mortgage, the plaintiff can recover. If the plaintiff by inadvertence gave a first notice which did not contain a true and just account of whatever was due it, and the plaintiff thereafter gave the defendant a second notice which contained a true and just account of what was due it, and the defendant was not prejudiced by the giving of the first notice, the plaintiff can recover. I will read a word more in regard to this question of reasonable diligence and time. The statute has prescribed no time within which the demand shall be made and the account stated. The general [and] only rule seems to be that of reasonable diligence on the part of the mortgagee in asserting his lien and giving the proper notice thereof. What is reasonable diligence will depend in some degree upon the circumstances peculiar to each case. While on the one hand early knowledge on the part of the mortgagee that the property has been attached will require more speed in the making of the assertion of his right, — so, on the other hand, if the attaching creditor or the officer has, through the mortgagee, though informally, actual knowledge of the mortgage and lien, this fact will be entitled to some consideration on the question whether the mortgagee has lost his lien by an unreasonable delay in making that formal demand and statement of his claim which the statute requires. If the rights of the parties had not changed, so that new rights had come in by other parties, — perhaps this is repetition, — that is, if the officer still held control of the property and there was nothing that had been done by the Congress Investment Company in its previous notice or in any other way to the prejudice of the creditor or the attaching officer, — if the relations of the parties remained the same at the end of thirty-two days when the second notice was given that they were the day after the attachment, then I rule as a matter of law that the thirty-two days is not such an unreasonable delay as will defeat the rights of the Congress Investment Company to recover under its notice : — unless there are some questions in the case, some facts in the case, that change the rights of the parties or that injuriously affect them,

brought about by the act of the Congress Investment Company, then the notice was given, so far as that point is concerned, within a reasonable time.    Your verdict will either be for the defendant, or for the plaintiff for the value of the property, unless that value exceeds the amount due on the mortgage note, and interest, in which case it will be the amount due on the mortgage note and interest.    Counsel calls my attention to the fact that his note does not call for interest, so if that question arises, the only question to be considered will be interest from the date of the writ."

The jury returned a verdict for the plaintiff in the sum of $85.80; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. D. Campbell*, for the defendant.

*T. J. Barry & B. Dellheim*, for the plaintiff.

HAMMOND, J.    Two notices were given, the first on September 24, 1907, and the second on October 22 of the same year. At the trial it appeared that the mortgage named in the first notice did not apply to the goods under attachment, and that the amount stated in the notice was not a just and true account of the amount due the mortgagee; and therefore, in consonance with the contention of the defendant and the concession of the plaintiff, the judge ruled that the notice was bad.    The case was submitted to the jury upon the validity of the second notice.

Inasmuch as the plaintiff did not contend that the first notice was good, the objections to it are of importance only as they bear upon the validity of the second notice.    And this bearing of the first notice upon the validity of the second arises not simply out of the fact that the first paper was a notice but from the fact that it was an act of the plaintiff.    The cases cited by the defendant are cases where the plaintiff has relied only upon the notice alleged therein to have been invalid, and they have only the most remote bearing in a case like this, where the plaintiff does not rely upon the notice containing the defects but upon another and different one.    It is well to have this distinction in mind in considering the validity of the second notice.

The objection urged against the validity of this notice is that it was not given in time.    No time within which notice must be given is prescribed by the statute, but it must be given within

a reasonable time after the attachment. *Johnson* v. *Sumner*, 1 Met. 172. " What is reasonable diligence will depend . . . upon the circumstances peculiar to each case. While, on the one hand, early knowledge, on the part of the mortgagee, that the property has been attached, will require more speedy assertion of his rights; so, on the other hand, if the attaching creditor, or the officer, has, through the mortgagee, though informally, actual knowledge of the mortgage, and the nature and extent of the lien acquired thereby, this fact will be entitled to some consideration on the question whether the mortgagee has lost his lien by unreasonable delay in making that formal demand and statement of his claim, which the statute requires." Dewey, J., in *Legate.* v. *Potter*, 1 Met. 325, 326, 327.

The jury might have found upon the evidence that the plaintiff supposed that the first notice was good, that the errors were inadvertently made with no intention to mislead, that as soon as the plaintiff became aware that the notice was bad it took measures to give a second notice, and that this was given with reasonable promptitude after it discovered the mistakes in the first, that the delay on the part of the plaintiff was with no intent to injure or prejudice the defendant in any way, but was due entirely to inadvertence, and that no new rights had intervened between the attachment and the notice. And, if they believed the plaintiff's version of the telephonic conversation between its treasurer and the defendant, they might further have found that it was from the first the determination of the attaching creditor, in accordance with whose directions the defendant was acting, to hold the property " anyhow " whether there was any mortgage upon it or not, and take his chances of ever being required to pay the mortgage debt. And they might have found further, as a fair inference from these findings and from the other circumstances of the case, including the fact that the value of the property was less than the mortgage debt, that the delay was in no way prejudicial to the defendant, and that he did nothing which he would not have done had the notice been sooner given. Upon such findings it could not have been ruled as matter of law that the notice was not given in time. The second, third, fourth and fifth requests were therefore properly refused. *Johnson* v. *Sumner*, 1 Met. 172 (in which the case for the plaintiff was much weaker

than in the present case). *Legate* v. *Potter*, 1 Met. 325. See also *Clark* v. *Dearborn*, 103 Mass. 335, and *Rowley* v. *Rice*, 10 Met. 7. The first request was sufficiently covered by the charge. The case was submitted to the jury under instructions favorable enough to the defendant.

*Exceptions overruled.*