REPARADE DEMERS *vs.* HERBERT H. WINSLOW.

Worcester.  September 21, 1925. — October 16, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Mortgage,* Of personal property: attachment.  *Attachment.  Practice, Civil,*
    Agreed statement of facts, Exceptions, Findings by judge.  *Replevin.*

The demand under G. L. c. 223, § 75, by a mortgagee of personal property
    upon an officer attaching the property under § 74, which is a condition
    precedent to the mortgagee's right to require payment of the amount
    due him in order that the attachment may not be dissolved, must be
    made within a reasonable time after the attachment; what is a reason-
    able time depends upon all the circumstances.
If on December 4 a writ of attachment of an automobile is served upon
    the owner in the presence of his mother, to whom it had been mort-
    gaged, judgment is rendered against the mortgagor and, without actual
    knowledge of the mortgagee, a constable, who did not know of the
    mortgage, sells the automobile on December 27 to one who also did not
    know of the mortgage, and no notice is given to the constable as to the
    mortgage until March 10, after which he buys back the automobile from
    the purchaser, the mortgagee cannot gain possession of the automobile
    by an action of replevin against the constable.
When the facts bearing on the question, what is a reasonable time within
    which an act should be performed, are in dispute, the question is one of
    fact; but, where on a record before this court it appears that all the
    subsidiary facts are agreed upon by the parties, that question is pre-
    sented here as one of law.

REPLEVIN of an automobile.  Writ dated March 23, 1925.

In the Superior Court, the action was heard by *Walsh,* J., without a jury.  Material facts are described in the opinion. The judge ruled that the plaintiff had not made demand

upon the defendant "within a reasonable time after knowledge of the sale on execution by the defendant came to the plaintiff," and found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*E. A. Brodeur,* for the plaintiff.

*R. B. Dodge, A. T. Saunders, & G. A. Humphrey* for the defendant.

CROSBY, J. This is an action of replevin to recover an automobile, by the mortgagee thereof; the mortgage is dated May 6, 1924. The case was heard by a judge of the Superior Court without a jury upon an agreed statement of facts, in which it is stipulated that "all reasonable inferences may be drawn therefrom," and that "Further material facts in this action are to be determined by the court on evidence to be submitted by the parties."

The agreed facts are in substance that on December 4, 1924, the defendant, a constable, attached the automobile in question on a writ, wherein Wilfred J. Demers was named defendant, and made service of the writ upon him and notified him of the attachment. At the time of the service of the writ the defendant therein lived with the plaintiff in the present action and her husband, who were his parents, and service was made upon him at the plaintiff's house. Thereafter, judgment by default was rendered against the said Demers and an execution issued, under which, on December 27, 1924, the defendant sold the automobile to one Horton for the sum of $60, Horton having no knowledge at that time of the existence of the mortgage. No notice of the sale was given either to the plaintiff or to her son. After purchasing the automobile Horton expended on it $61.60 in repairs. On March 10, 1925, the plaintiff made a demand on the defendant for the amount claimed by her to be due under the mortgage. Before the demand the defendant had learned that the automobile was mortgaged and he repurchased it from Horton.

The trial judge, in addition to the facts agreed upon, found that at the time of the service of the writ in the action against Wilfred Demers, the plaintiff was present and knew of the

service; that the plaintiff knew in the latter part of December, 1924, or early in January, 1925, that the automobile had been sold on execution; that from January, when the defendant learned of the mortgage, until March 10, 1925, the plaintiff made no demand under the mortgage, nor took any action in the matter until shortly before March 10, 1925, when she consulted an attorney. Upon these findings and upon the agreed facts, the judge ruled that the demand was not made within a reasonable time after knowledge of the sale on execution was acquired by the plaintiff, and found for the defendant. The plaintiff excepted to this ruling and also to the denial of her motion for further findings of fact.

The principal question is whether the demand by the plaintiff under G. L. c. 223, §§ 74, 75, was within a reasonable time. No time within which demand must be made is prescribed by the statute, but it must be within a reasonable time after the attachment. What is a reasonable time in this connection depends upon all the circumstances. It has been held that, when the attaching creditor or the officer has received from the mortgagee actual knowledge of the mortgage and the extent of the lien acquired thereby, a demand made under the statute several weeks or even months after the attachment was sufficient (provided there was no intention on the part of the mortgagee to mislead), if the delay was in no way prejudicial to the attaching creditor or to the officer. *Johnson* v. *Sumner,* 1 Met. 172. *Legate* v. *Potter,* 1 Met. 325. *Congress Investment Co.* v. *Reid,* 205 Mass. 576.

It appears that the attachment was on December 4, 1924, in the presence of this plaintiff, and that she knew of the service; that she made no demand until March 10, 1925; that no reason is shown for the delay; that the defendant had no knowledge of the mortgage until after December 27, the date of the sale on execution; that the purchaser expended a substantial sum in repairing the machine in addition to the sum of $60 which he paid for it at the execution sale; that on learning of the sale the defendant repurchased the automobile from Horton. When the facts are in dispute what is a reasonable time is a question of fact, yet where all the facts are found by the court or admitted by the parties,

it is a question of law.   *Brackett* v. *Bullard,* 12 Met. 308, 310. *American Steam Gauge & Valve Manuf. Co.* v. *Mechanics Iron Foundry Co.* 214 Mass. 299.   *Cleary* v. *Barlow,* 252 Mass. 101.   In the case at bar, upon the facts found by the judge and upon the agreed facts, he rightly ruled that the demand was not made within a reasonable time after knowledge of the sale on execution by the defendant came to the plaintiff.   *Johnson* v. *Sumner, supra.   Housatonic Bank & Lee Bank* v. *Martin,* 1 Met. 294, 305.   *Legate* v. *Potter, supra. Congress Investment Co.* v. *Reid, supra.*

In view of the conclusion reached, it is unnecessary to decide whether the demand contained a sufficient statement of the amount due on the mortgage under the statute.

The exception to the refusal of the judge to make additional findings of fact cannot be sustained.   It is settled that in an action at law the court is not required to make findings of fact even if requested by the parties to do so.   *Lowell* v. *Bickford,* 201 Mass. 543, 545.   *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494.   *Title Guaranty & Surety Co.* v. *Fred T. Ley & Co., Inc.* 238 Mass. 113, 120.

*Exceptions overruled.*