CROWNINSHIELD SHIPBUILDING COMPANY *vs.* FREDERICK H. JACKMAN.

Bristol.   October 24, 1932. — May 22, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Notice to admit facts; Conduct of trial: requests for findings, discretionary action by judge; Exceptions: when exception lies.

At the trial of an action in June, 1932, it was proper for the trial judge to rule that facts stated in a demand to admit facts filed by the plaintiff in May, 1932, under G. L. (Ter. Ed.) c. 231, § 69, were admitted where the only reply filed was signed not by the defendant, but by his attorney, St. 1932, c. 177, not yet being in effect.

No exception lay to a denial by the trial judge of a motion by the defendant that he be permitted personally to sign the reply to the demand above described or to file a new reply: the disposition of such motion lay in the sound discretion of the judge.

A trial judge hearing an action without a jury is not required to pass upon requests for findings of fact.

CONTRACT.   Writ dated September 15, 1930.

In the Superior Court, the action was heard by *Walsh,* J., without a jury, in June, 1932.   Material rulings by the judge and exceptions by the defendant are described in the opinion.   There was a finding for the plaintiff in the sum of $300.50.   The defendant alleged exceptions.

*E. O'Callaghan,* for the defendant.

*J. L. Hurley,* for the plaintiff.

RUGG, C.J.   The writ in this action of contract was dated on September 15, 1930.   The declaration alleged that the defendant owed the plaintiff $300 for rent of a building according to the account annexed.   On May 26, 1932, the plaintiff filed a paper entitled "Demand to Admit

Facts Under G. L. Ch. 231, Sec. 69." The facts, the admission of which thus was demanded, were sixteen in number. Thereafter the defendant filed a paper, admitting some facts and denying others, which was signed not by the defendant but by his attorneys. When the case came on to be tried the presiding judge ruled over the objection and exception of the defendant that all the facts demanded to be admitted by the plaintiff would be held to be admitted for the purposes of the trial and that the answers filed by the defendant were inadmissible because not signed by the defendant personally. That ruling was right. It was in accordance with the decision in *Butter* v. *Sovrensky,* 275 Mass. 88, where it was held that answers under the statute here in question must be signed by the party and that an attorney merely because of his employment was not authorized to sign. By St. 1932, c. 177, it is now provided that such answers may be signed either by the party or by his attorney. That statute, however, has no relevancy to the case at bar because, by the express terms of its § 2, it did not take effect until the first day of September, 1932, and applied only to actions brought after that date.

The disposition of the defendant's motion for leave to sign the answers in person or to file further answers rested wholly in sound judicial discretion. No exception lies to the denial of it. G. L. (Ter. Ed.) c. 231, § 69. *Nickerson* v. *Glines,* 220 Mass. 333, 334–335.

There is no merit in the defendant's exceptions to evidence. Under the facts admitted by reason of the failure of the defendant to sign the answers in person rather than by an attorney, there was evidence to connect the defendant with the evidence admitted.

There was no error in the denial of requests for findings of fact. A trial judge in an action at law is not required to make such findings. *Graustein* v. *Wyman,* 250 Mass. 290, 296. *Demers* v. *Winslow,* 253 Mass. 472, 475.

There was no error in the denial of the requested rulings of law. They do not appear to be pertinent to the facts as found by the judge at the trial. *Hall* v. *Kotowski,* 251 Mass. 494, 496.

The general finding in favor of the plaintiff must stand because it cannot be pronounced without support in the evidence. *Davis* v. *Smith-Springfield Body Corp.* 250 Mass. 278, 282.

*Exceptions overruled.*