Zottoli, J.
The finding of the trial judge in this action was for the plaintiff. Thereafter the defendant, desiring *121 to take the case to this Division, filed a draft report. The draft report was disallowed by the trial judge in these words: “I refuse to make this report for the following reasons: It presents no question of law for review. I made no such ruling as that alleged by the defendant as the basis of his alleged grievances. At the close of the trial in this case defendant had not prepared requests for rulings. He was given time to prepare and file them and he did so. As to the duty to set forth my findings of facts, Crowninshield etc. Co. v. Jackman, 283 Mass. 21, 22. If it has materiality at this stage of the case, I certify that after the trial before me I made long and careful study of the numerous standards of the plaintiff’s signature (see my statement of the evidence hereto annexed) and of the signature on the assignment, both in daylight and after dark with the aid of artificial light and with the aid of magnifying glasses, and determined the question whether the signature on the assignment was true or a forgery, reaching a conclusion satisfying me not only by a preponderance of evidence but almost beyond a reasonable doubt. If this is a material issue see Adams v. Dick, 226 Mass. 46, 52. The draft report does not set forth the evidence clearly and concisely. A clear and concise statement of the material evidence would be substantially in accordance with statement which I have prepared and annex hereto. This statement of the evidence was submitted to both parties and the defendant refused to accept it. There is one prominent error in the statement of the evidence in the draft report: — namely on p. 6 that the ‘signature on the assignment of May 25, 1927 was a very cleaver forgery.’ The testimony given in response to a question by the court was that it was not a very clever forgery.” — This certificate of the trial judge may properly be considered by this division in arriving at a conclusion as to what disposition *122 should be.made of the defendant’s petition, cf. Patterson v. Ciborowski, 277 Mass. 260, 265.
It is apparent from the record in the ease that the defendant’s petition to establish his draft report must be denied. It is well settled that the procedure by petition, as in the analogous case of petition to prove exceptions is strietissimi juris. John Henry Co., Pet., 222 Mass. 182.
All necessary requirements must be observed. The petitioner must show that the draft report filed is such a draft report which the trial judge ought to have allowed, cf. Freedman Petr., 222 Mass. 179.
Although the party requesting the report is required to file a draft report of it, nevertheless the report is of the trial judge. Kenney v. Ciborowski, Mass. A. S. (1939) 1947. It follows that the report in its final form should contain no statement to which the judge cannot honestly subscribe. Spear, Admr. v. Coggan, 3 Mass. A. D. R. 55; Boston Brokerage Co. v. Cohen, 5 Mass. A. D. R. 39.
One of the most vital requirements is that the petition must allege that the recitals of the draft report are true, and the allegation with the recitals must be fortified by an oath. “The necessity of such preliminary verification by oath of the statements in the draft reports is more apparent when it is remembered that the rule of the Appellate Division gives it the right upon hearing of a petition, to take final action upon the merits of the questions sought to be presented.” Lord v. Nelson, No. 24104 Municipal Court of the City of Boston.
It appears from the trial judge’s certificate, and from the affidavits filed by the defendant and his. attorney, that the draft report “contained one prominent error in the statement of the.evidence” — namely, on p. 6 “that the signature on the assignment of May 25, 1927 was a very e.leaver forgery” — whereas the testimony presented in the *123 case “was that it was not a very clever forgery.” This misstatement of the evidence was in itself a sufficient reason for the court’s refusal to sign the draft report presented to him and is sufficient reason why this petition should be denied. But, there are other reasons equally vital why this petition should not be granted. It has been well said that “a report ought to state with conciseness and clarity the points of law actually raised with sufficient evidence to enable the Appellate Court to decide with understanding whether the substantial rights of the parties have been injuriously affected in the light of the issues and the courts of the trial. It ought not to be encumbered and obscured by immaterial and unnecessary matter.” Dillon v. Framingham, 288 Mass. 511, 513.
The blending of unnecessary and extraneous matter tending to confuse the issue or to give an unnatural complexion to the case is not proper. A report which shows that such a practice has been indulged in should not be established, cf. Freedman Petr., 222 Mass. 179, 181.
It appears that the trial justice is justified in his stating that “the draft report does not set forth the evidence clearly and concisely.” Slackness in drawing draft reports should not be encouraged. In this case the trial justice took the time to draw up a clear and concise statement of the material evidence and “submitted it to both parties, and the defendant refused to accept it.” At that stage of the case the trial judge might well have insisted that only the plaintiff’s best view of the evidence should be incorporated in the report. Karjavainen v. Buswell, 289 Mass. 419, 421. It sufficiently appears that the defendant’s refusal to accept the statement of the court was unwarranted. That in itself was sufficient justification for the trial court’s .refusal to adopt the defendant’s draft report.
*124 Moreover, it may be useful to observe in passing on the matter before us that the draft report is deficient in another important particular. The draft report contains the statement that “the pleadings are made a part of this report and may be referred to.” It also contains the further statement that “the original assignment of May 25, 1927, a photostatic copy of the reissue application and a court record containing facsimile signatures purportedly of the plaintiff on various papers executed in connection with the reissue application proceedings were all exhibits in the case and these exhibits are to be produced before the Appellate Division.” Obviously, this does not comply with that part of Rule 29 of the Municipal Court (1932) of the City of Boston which provides ‘ ‘ Copies of any pleading necessary for-the understanding or decision of the questions involved shall be annexed to or incorporated in the report. Papers on file -in the case may not be incorporated by reference except' by permission of the Appellate Division.” It nowhere appears that the .permission of the Appellate Division' to incorporate the pleadings and papers by reference had ever been obtained. Without that permission, the draft report was not in proper form.
Furthermore, even if it were possible to cast aside the technical but sound reasons which prevent the granting of the petition, and the draft report considered as if established, there would be no injustice done in dismissing it. It is plain from the recital of the evidence, the special findings made in connection with the defendant’s requests for rulings and the judge’s certificate attached to the original draft report that the court carefully considered the evidence and came to the ultimate conclusion that the defendant’s testimony, wherein it differed from that given by the plaintiff, was not worthy of credence. The judge’s certificate shows that he carefully considered and was prepared to make a finding, if both parties requested it, as to whether *125 the signature in question was a forgery. One of the parties objecting thereto, the court declined to make a finding, deeming it not “directly material to issue decided.” It is apparent that the issue whether the signature was a forgery, at best, was collateral to the main issue. In any event, it appears that the court duly considered the evidence but declined to make a finding of fact concerning it. This was within the court’s discretion. It is well settled that a judge in an action at law is not required to make findings of fact. He may do so if he so chooses, but he cannot be compelled to so do. Graustein v. Wyman, 250 Mass. 290, 296. Demers v. Winslow, 253 Mass. 472, 475. Crowninshield Shipbuilding Co. v. Jackman, 283 Mass. 21, 22.
The order therefore is—
Petition denied.