Riley, J.
This action of replevin was heard upon the following agreed statement of facts Sed by the parties:
*201 “On July 29, 1939, Cecile Robert and Armand Desroches brought an action against Charles H. Blair, returnable to the District Court of Springfield on the 19th day of August, 1939. This action was brought by trustee process, the mortgaged auto of Blair was attached, and the Springfield Acceptance Company, as mortgagee as below stated, was named therein as trustee, under provisions of Chapter 223, Section 79. Said Blair and the Springfield Acceptance Company were duly served. Neither the Springfield Acceptance Company or the defendant, Blair, answered and both were defaulted on August 23rd, 1939, and judgment was entered against Blair as principal defendant and against Springfield Acceptance Company, as Trustee, on September 1, 1939. Execution issued against Blair as principal defendant and against Springfield Acceptance Company, as Trustee, on September 7, 1939, for the sum of $280.50 damages and $21.85 costs. The Company knew at time of service of trustee writ that truck in question had been attached under writ.
The mortgagee trustee was never, as provided by Chapter 223, Section 79, requested to answer any question by the Court or by its order relative to the consideration of the mortgage and the amount due thereon. No interrogatories were ever propounded to it by the plaintiffs.
The validity of the mortgage or the amount due on mortgage was never ascertained by the Court, and no order was ever entered, in accordance with Chapter 223, Section 79, directing the creditor to pay any sum to the trustee mortgagee.
The attaching creditor never, in the proceedings in Robert, et al. v. Blair, denied the validity of the mortgage, or moved that its validity be tried by Jury as provided by Chapter 223, Section 81.
On July 31,1939, Cecile Robert and Armand Desroches,' as plaintiffs in the above-mentioned action, obtained permission to attach a motor vehicle belonging and standing in the name of Charles H. Blair. On August *202 1, 1939, Michael F. Ghareeb, deputy sheriff, attached said motor vehicle which was one Ford V-8 truck, Massachusetts Registration #B-24349, which was in possession of said Blair at time of attachment. On September 8, 1939, the deputy sheriff levied upon and took all the right, title and interest which said Charles H. Blair had on the first day of August, 1939, the day same was attached on mesne process, and on the 14th day of September, 1939, he sold, at public auction, all the right, title and interest in and to the above described property to Dennis J. Larounis, the highest bidder, due notice having been given of the time and place of sale in accordance with the law. Said Larounis purchased said truck in behalf of Cecile Robert.
On August 12, 19391, the Springfield Acceptance Company was the holder of a valid and existing mortgage on said truck, which was then and ever since has been in default, and on which there remained and remains an unpaid balance of $115.00, plus interest. Said mortgage was dated May 17, 1939, and was duly and properly recorded in records of City of Springfield on May 19, 1939.
The defendants admit, for the purposes of this case, that at the time of the bringing of the writ herein and thereafter they did detain and claim title and ownership, free and clear of all encumbrances, of the automobile mentioned in the replevin writ.
Prior to the issuance of the replevin writ herein, a demand for the automobile was made by the plaintiff, under and by virtue of its mortgage, upon the defendants, which said demand was refused.
Charles H. Blair and a representative of the Springfield Acceptance Company were present at the sale. ’ ’
The trial judge found for the defendants and made the following finding,:
“The plaintiff, by failing to appear and answer and suffering a default in the first action in which it (as a mortgagee) was summoned as a trustee, was concluded as to. its rights in the property under its mortgage *203 (Flanagan v. Cutter, 121 Mass. 96), and accordingly is not now entitled to possession of the property which was later sold as set out in the agreed statement of facts.”
He denied the following three Requests of the plaintiff:
1. That the plaintiff, being the holder and owner of a first mortgage upon the subject matter of the property named in the replevin action, which mortgage was in default at the time this action was brought, was and is entitled to immediate possession of the property.
3. That in an action at law, under Chapter 223, Sections 79, 80, and 81, where a person is named as Trustee, thereafter appears and answers, and the Plaintiff in said action is not satisfied with the answer of the Trustee, the Plaintiff may propound written interrogatories to' the Trustee and upon the answer and the facts disclosed in the interrogatories the Court can make an order.
5. The default of the Trustee mortgagee, and the entry of judgment against it, did not deprive it of its rights under its mortgage.
The first Request was denied because the plaintiff was not entitled to immediate possession of the property, the third was denied because based on a set of facts in which the trustee appears and answers, which facts did not appear in the present case, and the fifth Request was denied on the ground that the default of the trustee mortgagee under the circumstances recited in the agreed statement of facts, concluded the trustee mortagee’s rights in the property under its mortgage. By the denial of the first and fifth Requests the trial judge in effect ruled that as matter of law the plaintiff was not entitled to recover. The sole question for decision is whether or not these rulings and the finding of the judge for the defendant were correct as matter of law on the agreed statement of facts.
*204 It would seem that the Report presents to the Appellate Division all questions of law raised by the agreed statement of facts and involved in the decision. See Nutter vs. Mroczka, Mass. A. S. (1939) 1039, 1043. It has not been argued and it does not appear from the Report that any demand was made on the attaching- creditor or officer under the provisions of G. L. (Ter. Ed.) Chap. 223 Sections 74 and 75. Consequently, the decisions in Demers vs. Winslow, 253 Mass. 472, Congress Investment Co. vs. Reid, 205 Mass. 576, Legat vs. Potter, 1 Met. 325 and Johnson vs. Sumner, 1 Met. 172, are not applicable to the instant case.
The principal contention of the plaintiff is that the sale by the officer to the defendants could not preclude the rights of the plaintiff mortgagee in the attached property until the provisions of G. L. (Ter. Ed.) Chap. 223 Sections 79 to 81 inclusive, had been literally followed out. The contention of the defendants, which was upheld by the court, is that the default of the plaintiff when it had been summoned as trustee in the original action precluded it from further asserting its rights under the mortgage. In Goulding vs. Hair, 133 Mass. 78 at 80 and 81, Chief Justice Morton sets out the rights of parties when personal property subject to mortgage is attached, as follows:
“The statutes provide two modes in which a creditor of a mortgagor may make an attachment of mortgaged personal property. He may attach it in the usual form, as if it were unincumbered, provided that he pays to the mortgagee the amount for which it is liable, within ten days after due demand is made upon him. Or, when the property is in the possession of the mortgagor, he may attach it as if it were unincumbered, and summon the mortgagee as trustee in the same action. Gen. Sts. c. 123, Secs. 62-71. Pub. Sts. c. 161, Secs. 74-83.
If the last-named course is adopted by the creditor, the mortgagee is required to appear and submit him *205 self to examination touching the consideration of- his mortgage and the amount due thereon, and the creditor may, if he so elect, require the question of the validity of the mortgage to be tried by a jury. If the mortgagee fails to appear and is defaulted, he is estopped to set up the validity of his mortgage, and cannot maintain an action against the attaching officer for a conversion of the mortgaged property by a levy of the execution thereon. Flanagan v. Cutler, 121 Mass. 96. On the other hand, if he appears, and the attaching creditor sees fit to discontinue against him or he is discharged, the attachment is thereby dissolved. Martin v. Bayley, 1 Allen, 381. Hayward v. George, 13 Allen, 66.”
The pertinent statutes have not been essentially changed since this decision. We do not feel justified in disregarding a plain statement of the court that if the mortgagee fails to appear and is defaulted, he is estopped to set up the validity of his mortgage and cannot maintain an action against the attaching officer for a conversion of the mortgaged property by a levy of the execution thereon. The same principle ought to- apply to the defendants who were purchasers at the execution sale. The plaintiff argues that the creditor in the case at bar ought to have filed interrogatories to the alleged trustee or to have moved in some way to determine the validity of the mortgage under the provisions of G. L. (Ter. Ed.) Chap. 223 Sections 79-81, but it is difficult to see how this could have been done by the creditor when the trustee, the plaintiff in the present case, had been duly summoned to appear and defaulted. Interrogatories cannot be put to a party who does not appear and who, by his failure to appear, might seem to indicate that he had no- interest in the subject matter of the controversy. It does not seem to us that the creditor in the original action, referred to in the agreed statement of facts, was under any obligation to, or in fact could, do anything further than he had done by summoning the alleged mort *206 gagee as trustee when such trustee filed no appearance in the action.
The attachment of the motor vehicle seems to have been made by permission of the court under the provisions of G. L. (Ter. Ed.) Chap. 223 Sec. 44A and, accordingly, was valid. Consequently, the sale by the officer upon the execution appears to have been authorized. Loomis vs. Lewis, 140 Mass. 208.
We, therefore, conclude that there was no error in the rulings or finding of the trial judge and the Report is to be dismissed.